■ CARL M. HESS, Respondent, v. KATHERINE A. HESS, Appellant.— In an action for divorce, in which the defendant wife asserted a counterclaim for separation, defendant appeals from a judgment of the Supreme Court, Westchester County, entered January 6, 1965 upon the court's written decision after a nonjury trial, in the plaintiff's favor, granting a divorce and dismissing the counterclaim on the merits. Judgment reversed on the law and facts, with costs; complaint dismissed, with costs; and counterclaim severed. (Pursuant to stipulation, trial of the counterclaim was reserved until after determination of plaintiff's cause.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings are made as indicated herein. Plaintiff attempted to prove adultery by circumstantial evidence. Defendant was shown to be friendly towards a man called Pierre. On the night of February 17, 1963 Pierre registered at a hotel in Scarsdale in his own name. Defendant entered shortly thereafter and examined the room that had been assigned to Pierre. She did not like it and succeeded in having a new one assigned for him. She stayed in that room part of the night and at one time (early in the morning of February 18) she was seen through a partially opened door in a "shortie" nightgown. The defect in this proof is that Pierre was never placed in that room. In fact, the evidence strongly suggests he was elsewhere. He was at a small party in the hotel's bar for a time, during which defendant called the desk several times seeking his whereabouts. When the party concluded, Pierre left with the guests, but defendant was not among them and Pierre went up in the elevator. Thereafter, defendant, with the aid of the hotel's personnel, conducted a search to try to find Pierre. Ultimately, that is, after 4:00 A.M., Pierre was discovered in the room of the hotel's hostess. At no time on February 17 and 18 did the proof place him in his assigned room or even in the company of defendant alone. The evidence was insufficient to support the inference that an adulterous act had been committed (*Pollock* v. *Pollock*, 71 N. Y. 137; *Allen* v. *Allen*, 101 N. Y. 658; *Bosch* v. *Bosch*, 275 App. Div. 1046). Ughetta, Acting P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., dissents and votes to affirm the judgment.