■ DALE M. HUNTER, Respondent-Appellant, v CHARLES R. HUNTER, Appellant-Respondent. [614 NYS2d 784] —Peters, J. Appeals (1) from an order of the Supreme Court (Jung, J.) declaring plaintiff's entitlement to a divorce, entered March 17, 1993 in Saratoga County, and (2) from a judgment of said court granting plaintiff a divorce, entered May 11, 1993 in Saratoga County, upon a decision of the court.

The parties were married on August 19, 1961 and have two children, both of whom were emancipated at the time of trial. In May 1987, plaintiff commenced this action for divorce alleging cruel and inhuman treatment. She later amended her complaint in November 1989 to add a second cause of action alleging adultery. Defendant denied all allegations and asserted the affirmative defense of recrimination.

At a nonjury trial, plaintiff testified concerning her allegations of cruel and inhuman treatment and denied an adulterous relationship with a friend named Jerry Cohan. Plaintiff testified that she would frequently talk on the telephone with Cohan but was surprised when, in 1985, Cohan sent her a Valentine's Day card signed "Love, Jerry". She admitted visiting Cohan on several occasions at his camp near her parent's vacation home and at his home in New Jersey. While plaintiff denied having intercourse with Cohan, when asked on cross-examination, "Is it fair to say that at some point there grew to be a sexual relationship between you and Mr. Cohan?", plaintiff replied, "Yes." There was no further testimony defining the scope of this "sexual relationship".

Sandra Robinson admitted living with defendant, attending family functions with him and going on extended vacations with him. Yet, Robinson testified that she never had intercourse with defendant and would sleep in a separate area because she was a life-long lesbian. Further testimony revealed, however, that Robinson had been married and had at least one child. According to plaintiff's private investigator, on successive nights he saw defendant and Robinson kiss and hug and then go upstairs together in the direction of the bedroom. Defendant denied having intercourse with Robinson, denied the mistreatment testified to by plaintiff and stated that after he found the Valentine's Day card from Cohan, he was convinced that plaintiff was having an affair.

Supreme Court found that plaintiff had not proven her cause of action alleging cruel and inhuman treatment yet sustained her cause of action in adultery. As for the defense of recrimination, Supreme Court did not find it to be sufficiently proven. After further testimony concerning equitable distribution, Supreme Court reserved and issued a written decision and order entered March 17, 1993 that made a finding of sufficient grounds for divorce and an award of equitable distribution. A final judgment was entered May 11, 1993 reflecting the findings detailed in the March 17, 1993 decision and order.* These cross appeals ensued.

---

* Before addressing the substantive issues raised on this appeal, we note that defendant did not appeal from the final judgment of divorce entered on May 11, 1993 and instead appealed from the Supreme Court's written decision of its findings entered March 17, 1993. As a result thereof, plaintiff contends that this appeal should be dismissed. We find that the circumstances herein are distinguishable from those in *Sullivan v Sullivan* (174 AD2d 862) and *Garcia v Garcia* (178 AD2d 683) where litigants had filed notices of appeal from a judgment of divorce prior to an award of equitable

Defendant contends on this appeal that plaintiff's testimony that she had a "sexual relationship" with Cohan was the equivalent of an admission of adultery which should have been sufficient, standing alone, to sustain his recrimination defense. While it is clear that plaintiff would not be entitled to a divorce on the ground of adultery even though adultery was established against defendant "[w]here the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce" (Domestic Relations Law § 171 [4]), we note, as did Supreme Court, that plaintiff never admitted to sexual intercourse with Cohan and that defendant wholly failed to determine the scope of the relationship admitted to by plaintiff. Adultery, as detailed in Domestic Relations Law § 170 (4), is very specific, requiring proof of actual sexual intercourse or deviate sexual intercourse as defined in the Penal Law. Supreme Court found, and we agree, that defendant failed to sustain his burden in proving an adulterous relationship *(see, Hendery v Hendery,* 101 AD2d 624; *George v George,* 34 AD2d 888; *Hess v Hess,* 25 AD2d 548).

Addressing next the only issue raised concerning the equitable distribution award—disposition of the parties' interest-bearing escrow account—the record reveals that the account was opened after the parties' separation to hold the proceeds from the sale of a vacation cabin that the parties built together during their marriage. Pursuant to court orders, money was taken out of the fund to pay capital gains taxes owed on the property and moneys due plaintiff's father as a result of the parties' default on a $30,000 promissory note. We find plaintiff's contention that Supreme Court improperly awarded $10,422 of the remaining amount to defendant and $980 to plaintiff, with interest to be shared by the parties, to be entirely without merit. Plaintiff was given sole title to the marital home, valued at $118,000, by crediting plaintiff with defendant's share of such home due to money owed plaintiff from defendant's pension. Since this resulted in the amount of $4,721 still owed to defendant, Supreme Court simply credited defendant with this amount from the remaining moneys in

distribution. We find that the March 17, 1993 decision not only made findings as to the divorce but also addressed all equitable distribution issues. Moreover, due to plaintiff's appropriately filed appeal, the record contains the final judgment dated May 11, 1993 as well as all pertinent material. Accordingly, under the circumstances of this case, we will treat defendant's notice of appeal as valid, in the interest of justice (CPLR 5520 [c]; *see,* CPLR 2001).

the escrow account. Plaintiff has failed to demonstrate that the distribution was an abuse of the court's discretion *(see, Reina v Reina,* 153 AD2d 775, 777) and, therefore, the equitable distribution order will not be disturbed.

As to all other contentions raised, we find them to be without merit.

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, without costs.