■ Marion Matwijczuk, Appellant, v Stefania Matwijczuk, Respondent. [690 NYS2d 343] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Reilly, Jr., J.) ordering, inter alia, equitable distribution of the parties' marital property, entered November 3, 1997 in Schenectady County, upon a decision of the court.

The parties were married in Poland in July 1969 and have four children, three of whom attained majority by the trial. Shortly before their marriage, plaintiff purchased a vacant lot located at 665 Sacandaga Road in the Town of Glenville, Schenectady County, and in April 1969 obtained a building permit. Although construction of the marital residence began before defendant arrived from Poland in August 1970, the home was

not finished until January 1971. Defendant worked on the residence during construction and contributed some $2,000 to $3,000 toward construction. During the course of their marriage, the parties purchased other properties and defendant secured full-time employment with General Electric beginning in 1974. Plaintiff worked construction but never had a permanent job. The parties separated in 1991 when plaintiff relocated to Tennessee without defendant and the children. Since that time, defendant has paid all the expenses on the marital residence including the mortgage and taxes.

Plaintiff commenced a divorce action in 1991. A nonjury trial was held in May 1997. At the close of plaintiff's proof, Supreme Court granted defendant's motion to dismiss for failure to establish a prima facie case and granted defendant's counterclaim for abandonment ordering, *inter alia*, distribution of the marital property. The court awarded defendant exclusive ownership of the marital residence appraised at $83,000, the parties' Birchwood Drive property appraised at $1,900, defendant's General Electric pension, one half of the proceeds from the sale of the parties' Ridge Road property (approximately 50 acres) appraised at $33,800, and certain pieces of heavy equipment located on the property. Plaintiff was awarded the parties' interest in two parcels of land in Schenectady County which he acquired with his brother in 1986 and 1987. Plaintiff transferred his ownership interest in the parcels valued together at $34,500 to his brother in 1991 shortly before commencement of the divorce action. The court also directed plaintiff to pay defendant's counsel fees in the amount of $5,550. Plaintiff appeals.

Initially, we find no merit to plaintiff's claim that Supreme Court erred when it denied his request to adjourn the scheduled trial date. Plaintiff indicated that he was unable to participate in the proceeding because he was taking medication for an unspecified medical condition which allegedly arose out of a car accident that occurred some three weeks prior to trial. Plaintiff offered no medical proof to substantiate his claim. Supreme Court found that he was fully capable of comprehending the proceedings. The record affords no basis to disturb that finding.

Plaintiff next claims that Supreme Court erroneously determined that the parties' Sacandaga Road residence and the two parcels of land which he owned with his brother were marital property. We disagree. Examining first the court's determination regarding the marital residence, we note that while it may be true that plaintiff purchased the land for $1,500 and began construction prior to the marriage, the parties

worked on it for approximately four months and used postmarriage earnings to complete it. Furthermore, we note that defendant not only contributed her premarital savings to the construction but contributed substantial hours of manual labor tiling the whole bathroom, putting tar paper on the outside of the residence, insulating the attic, bricklaying, woodworking, painting and performing exterior work. In our view, the use of marital funds plus defendant's contributions of her separate funds, time and labor in furtherance of the marital partnership were sufficient to transform the marital residence and the land into marital property (see, Ciaffone v Ciaffone, 228 AD2d 949, 953).

We turn next to Supreme Court's determination that plaintiff's prior interest in the two parcels of land purchased with his brother constituted marital property. Since the parcels were acquired during the parties' marriage, plaintiff's interest was presumed to constitute marital property (see, Lord v Lord, 124 AD2d 930, 931; Lischynsky v Lischynsky, 120 AD2d 824, 826). Inasmuch as plaintiff failed to offer sufficient proof demonstrating that his interest in the parcels was purchased using separate, nonmarital funds, the court correctly characterized his interest as marital property. Additionally, the record supports the court's determination that plaintiff held a one-half interest in the parcels. Plaintiff testified that he constructed a bridge with his brother in exchange for one of the parcels and paid $6,000 together for the other. There was no evidence to suggest that the parcels were owned in unequal shares. Moreover, plaintiff stated that he transferred one half of the property to his brother when he conveyed his interest.

We now address plaintiff's contentions concerning equitable distribution. Since defendant's proof established that the value of the two parcels plaintiff purchased with his brother was $69,000, there is ample evidence in the record to support Supreme Court's finding that one half of this sum, or $34,500, was subject to equitable distribution and that defendant's economic and noneconomic contributions entitled her to a one-half share. We also find no error in Supreme Court's determination crediting plaintiff with the value of the marital share of the two parcels. Since plaintiff transferred the parcels on January 8, 1991, prior to the commencement of the matrimonial action on January 22, 1991, and did so in the absence of any demonstrable consideration, it was incumbent on the court to consider the transfer as one made in contemplation of the matrimonial action without fair consideration (see, Domestic Relations Law § 236 [B] [5] [d] [12]) and charge plaintiff accordingly.

Plaintiff also argues that Supreme Court erred in awarding defendant title to the marital residence. It is settled that "[c]ourts are not mandated to distribute marital property on an equal basis" (*Strang v Strang*, 222 AD2d 975, 977; *see, Arvantides v Arvantides*, 64 NY2d 1033, 1034; *Coffey v Coffey*, 119 AD2d 620, 622). Here, despite the long duration of the parties' marriage, there is support in the record for Supreme Court's determination to distribute this property unequally. Defendant testified that plaintiff was sporadically employed throughout the marriage and it was her full-time salary which paid all the household expenses. Given the extent of defendant's contributions both economic and noneconomic, we cannot say that the court abused its discretion in awarding her 58% and plaintiff 42% of its appraised value. Moreover, because the court awarded plaintiff the value of the marital property interest transferred to his brother and it represented the value of plaintiff's equitable portion of the marital residence, no sale of the residence was required. Thus, it was not error for the court to award defendant title to the marital residence.

Plaintiff further contends that Supreme Court erred in awarding the marital portion of defendant's General Electric pension entirely to her. While we agree with Supreme Court's distribution of defendant's future pension benefits, we do not agree with its stated reason for doing so, i.e., plaintiff's failure to offer proof of the present value of the pension. In *Church v Church* (169 AD2d 851) we held that a party seeking a share of his/her spouse's future periodic pension benefits need not present evidence of the pension's present value to establish his/her interest but may, instead, employ the *Majauskas* formula to calculate the equitable share. Since plaintiff did not request a lump-sum distribution of the marital portion of defendant's pension benefits, there was no need to provide the court with proof of its present value. As for the court's distribution of this asset, clearly, pension rights earned during a marriage and prior to the commencement of a matrimonial action are marital property subject to equitable distribution (*see, Majauskas v Majauskas*, 61 NY2d 481). However, where, as here, the party seeking to establish an interest in the pension fails to demonstrate any discernable "direct or indirect contribution made to the acquisition of such marital property * * * including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party" (Domestic Relations Law § 236 [B] [5] [d] [6]), then an award of a share in the other party's pension benefits is unwarranted.

At the time of trial, the parties stipulated that plaintiff

earned $10,000 per year and defendant earned $45,000 per year. Defendant testified that plaintiff never worked a full-time job though she began working full time in 1974. She stated that for many years during the marriage she gave her paycheck to plaintiff and that he handled the parties' finances. Her unrebutted testimony established that she did all the housework, cooking, sewing, cutting the grass and gardening. She also indicated that plaintiff would disappear for months at a time and stated that she was the children's primary care giver. In 1984, after plaintiff surreptitiously withdrew nearly all of the parties' joint savings—over $25,000—defendant started retaining her paycheck and began paying all the necessities for herself and the children. From that point forward, plaintiff only contributed to the property taxes; however, that ended following his relocation to Tennessee in May 1991. In our view, to award plaintiff a share in defendant's pension under the facts of this case would be demonstrably unfair.

Finally, we do find merit in plaintiff's contention that Supreme Court improperly directed him to pay defendant's counsel fees. Considering the parties' stipulated incomes and "the assets available to [defendant] as a result of the equitable distribution of marital property" (*Blechman v Blechman,* 234 AD2d 693, 695), we find such an award to be an improvident exercise of Supreme Court's discretion (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed plaintiff to pay defendant's counsel fees in the amount of $5,550, and, as so modified, affirmed.