■ STEVEN J. BURGIO, Appellant, v MARY A. BURGIO, Respondent. [717 NYS2d 769] —Rose, J. Appeal from a judgment of the Supreme Court (Castellino, J.) ordering, inter alia, equitable distribution of the parties' marital property, entered December 21, 1999 in Chemung County, upon a decision of the court.

In October 1981, plaintiff purchased real property in the Town of Southport, Chemung County, for $20,500 and took title in his name alone. He made a down payment of $4,100, drawn from his savings and funds lent by his brother and

sister, obtained a mortgage loan to cover the balance, and thereafter made repairs and improvements to the existing residence. The parties were then married in May 1982, raised three children and used plaintiff's property as their marital residence until plaintiff commenced this action for divorce in 1997. After a trial, Supreme Court ordered the marriage dissolved and classified the real property and plaintiff's pension as marital assets subject to equitable division, made plaintiff solely responsible for a home equity loan secured by the property and directed the property to be sold with certain payments made by plaintiff in purchasing the property and the outstanding balance of the mortgage to be deducted before dividing the sale proceeds equally between the parties. This appeal followed.

Plaintiff argues that Supreme Court erred in determining that the real property is a marital asset because he purchased the property before the parties were married, financed the down payment and obtained a mortgage in his name, and engaged in extensive remodeling of the residence before marrying defendant. He also maintains that defendant failed to establish any appreciation in value of the property which would be subject to equitable distribution. We agree.

Domestic Relations Law § 236 (B) creates the categories of "marital property, which is subject to equitable distribution, and separate property, which is not" (*Feldman v Feldman*, 194 AD2d 207, 214; *see, Sclafani v Sclafani*, 178 AD2d 830, 831). "Marital property" includes all property acquired during marriage (*see, Feldman v Feldman, supra*, at 214-215; *see also*, Domestic Relations Law § 236 [B] [1] [c]). "Separate property" is defined as property "acquired before marriage" (Domestic Relations Law § 236 [B] [1] [d] [1]) and includes increases in the value of separate property "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]). The Court of Appeals has construed this exception broadly, stating that "to the extent that the appreciated value of separate property is *at all* 'aided or facilitated' by the nontitled spouse's direct or indirect efforts, that part of the appreciation is marital property subject to equitable distribution" (*Hartog v Hartog*, 85 NY2d 36, 46, quoting *Price v Price*, 69 NY2d 8, 18 [emphasis in original]). Aid from the nontitled spouse includes "contributions and efforts of any nature, including those of a spouse as homemaker and parent" (*Price v Price, supra*, at 16).

Here, defendant does not dispute that plaintiff purchased the real property before the parties were married. Therefore,

Domestic Relations Law § 236 (B) (1) (d) (1) dictates that the property itself is a separate, nonmarital asset (*see, Guarnier v Guarnier,* 155 AD2d 744, 745). Defendant's attempt to avoid this conclusion by relying on this Court's decision in *Matwijczuk v Matwijczuk* (261 AD2d 784) is unavailing. Here, unlike in *Matwijczuk,* the residence was constructed prior to the marriage, and evidence that defendant assisted in the cleanup of the property and that payments were made on plaintiff's mortgage during the marriage will not support a transformation of the marital residence into marital property. Defendant's interest in such property is therefore limited to her equitable share of (1) the moneys received by the parties as wedding gifts and used to repay plaintiff's separate debt of $2,000 to his siblings, and (2) the marital funds used to pay the mortgage on the residence (*see, Jonas v Jonas,* 241 AD2d 839, 840).

Defendant also failed to establish that the real property appreciated in value during the parties' marriage or that such appreciation was facilitated by her efforts (*see, Hartog v Hartog, supra,* at 46; *Price v Price, supra,* at 16-18). Because neither party submitted expert testimony or appraisals, Supreme Court had no evidence from which to determine either the present fair market value of the property or its value at the time of the marriage. Thus, there was no basis for determining how much appreciation, if any, occurred during the marriage. Defendant, as the nontitled spouse, bore the burden of proof on appreciation of the property (*see, e.g., Allen v Allen,* 263 AD2d 691, 691-692) and her failure to meet that burden forecloses this Court's consideration of the issue (*see, Van Dyke v Van Dyke,* 273 AD2d 589, 592; *Daisernia v Daisernia,* 188 AD2d 944, 946).

However, Supreme Court correctly ruled that the outstanding balance of the home equity loan procured by plaintiff is his sole obligation, as it is secured by his separate property and "there is no indication that the proceeds were utilized in the marital relationship" (*Ciaffone v Ciaffone,* 228 AD2d 949, 951).

Supreme Court also properly awarded a portion of plaintiff's pension to defendant. Supreme Court stated that this award was made "in consideration of the length of the marriage [and] her contribution as the primary caretaker of the children and homemaker which necessarily limited her opportunity to work outside the home." Although defendant offered no proof of the existence or value of plaintiff's pension, we note that in his statement of net worth, plaintiff listed a vested $3,000 interest in a pension fund that he acquired during the marriage through

his employment at Kennedy Valve.* Plaintiff did not subsequently dispute the existence of this pension and, thus, Supreme Court properly found it to be an asset subject to distribution. Defendant's failure to present evidence of the pension's present value also does not preclude the award because she did not request a lump-sum distribution (*see,* *Matwijczuk v Matwijczuk,* 261 AD2d 784, 787, *supra*). Therefore, Supreme Court's direction that defendant receive a portion of plaintiff's pension in accordance with the formula used in *Majauskas v Majauskas* (61 NY2d 481) was entirely appropriate (*see, Matwijczuk v Matwijczuk, supra,* at 787; *Glazer v Glazer,* 190 AD2d 951, 952).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered equitable distribution of plaintiff's real property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* Defendant asserts that plaintiff also has a pension through another of his employers, Corning, Inc. However, plaintiff's net worth statement listed no such asset, and defendant neither elicited nor presented any evidence of the existence of such a pension at trial.