■ ELLEN J.W. ALESSI, Respondent, v ROSARIO F. ALESSI, Appellant. [734 NYS2d 665] —Mercure, J. P. Appeals (1) from an order of the Supreme Court (Coccoma, J.), entered January 25, 2000 in Otsego County, which determined defendant's child support obligation, (2) from an order of said court, entered January 26, 2000 in Otsego County, which, *inter alia*, awarded joint legal custody of the parties' children, with physical placement awarded to plaintiff, (3) from an order of said court, entered January 26, 2000 in Otsego County, which granted plaintiff's motion for an order of protection, and (4) from an order of said court, entered June 6, 2000 in Otsego County which, *inter alia*, ordered equitable distribution of the parties' marital property.

The parties met in 1988 and soon began cohabiting in defendant's residence at 8 Commercial Street in the Village of Gilbertsville, Otsego County. During the period of their cohabitation, the parties produced two children, a son born in 1990 and a daughter born in 1993. The parties were married in December 1995. They separated in November 1998, and plaintiff commenced this action for a divorce in December 1998. Defendant did not oppose plaintiff's request for a judgment of divorce, the parties stipulated to an award of custody in favor of plaintiff and the action proceeded to a bench trial on the disputed issues of, as here relevant, equitable distribution, child support and counsel fees. On these appeals, defendant challenges so much of Supreme Court's determination as awards plaintiff title to the Gilbertsville property, requires defendant to pay child support on the basis of an imputed annual income of $34,534 and awards plaintiff counsel fees of $8,500.

As a preliminary matter, we are not persuaded to dismiss the appeal based upon defendant's filing of premature *pro se* notices appealing from the orders fixing defendant's child support obligation, distributing the parties' property and making an award of counsel fees to plaintiff, rather than the final judgment incorporating those determinations. There can be no doubt of our discretion to treat such a premature notice of ap-

peal as valid in the interest of justice (see, CPLR 5520 [c]; *Jump v Jump*, 268 AD2d 709, 710 n 1; *Hunter v Hunter*, 206 AD2d 700, 701 n 1). Further, although CPLR 321 (a) provides that a party appearing by an attorney may not act in person in the action except by consent of the court, defendant was permitted to consider his legal representation at an end at the conclusion of the trial (see, *Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 556-557), and defendant's *pro se* notices of appeal eliminated any likelihood of prejudice by putting plaintiff on notice that he had elected to proceed without retained counsel (see, *First Union Natl. Bank v Weston*, 261 AD2d 668, 669).

Now addressing the merits, we agree with defendant's assertion that Supreme Court erred in awarding plaintiff title to the Gilbertsville property, which was acquired by defendant prior to the parties' marriage and constituted his separate property. Although Supreme Court's determination on equitable distribution entirely omitted the essential steps of identifying the parties' assets, classifying each asset as marital or separate property and placing a value on it (see, *D'Amato v D'Amato*, 96 AD2d 849), its written decision clearly recognizes that defendant acquired the Gilbertsville residence years prior to the marriage. In addition, plaintiff offered no competent evidence and Supreme Court made no findings concerning any enhancement of the value of this property as a result of plaintiff's efforts during the marriage (see, *Hartog v Hartog*, 85 NY2d 36, 46; *Burgio v Burgio*, 278 AD2d 767, 769). Under the circumstances, plaintiff's interest in that property is limited to her equitable share of the marital funds applied toward repayment of the mortgage on the residence, which we determine to be 12 payments of $290 or $3,480 (see, *Burgio v Burgio, supra*, at 769), and Supreme Court lacked authority to distribute the Gilbertsville property as part of its equitable distribution of marital property (see, *id.*; *Zelnik v Zelnik*, 169 AD2d 317, 332).

We also agree with defendant's contention that Supreme Court abused its discretion in imputing income of $34,534 for the purpose of computing his child support obligation. The evidence shows* that defendant obtained his Master's degree and certification as an elementary school teacher in 1972, that he

---

* We note our disapproval of plaintiff's persistent efforts at casting defendant in an unfavorable light by interjecting irrelevant or inaccurate factual assertions into her responding brief. It is noteworthy that of the myriad facts stated in the 50-page respondent's brief, not one contains a supporting reference to the page in the record on appeal, as required by CPLR 5528 (a) (3) and (b).

was employed as a full-time school teacher from 1972 to 1976, that he gave up that employment to stay home and take care of a child born of his prior marriage and that, except for occasional assignments as a substitute teacher, defendant has had no teaching experience since 1976. Nonetheless, and in the absence of any evidence that defendant could obtain a position as a full-time elementary school teacher, Supreme Court imputed to him the current salary level for experienced full-time teachers in defendant's community.

Notably, although the Superintendent of Schools for the Cooperstown School District testified that between 1995 and 2000, the District had approximately five or six vacancies at the elementary level, she also testified that approximately 15 to 30 applications had been received for each of those positions. Further, although it does not appear that defendant filed an application with the District, he testified as to his unsuccessful efforts at obtaining employment with a number of other schools or school districts. In view of that testimony and the uncontradicted evidence that defendant stayed home and served as a full-time "house husband" from the time of the birth of the parties' first child, we conclude that there was no rational basis in the record for Supreme Court's implicit finding that defendant was reasonably capable of obtaining a full-time teaching position at the time of trial (see, Cattaraugus County Commr. of Social Servs. [Bund] v Bund, 259 AD2d 973, 974).

As a final matter, we find defendant's attack on the award of counsel fees to be unavailing.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders entered January 26, 2000 are affirmed, without costs. Ordered that the orders entered January 25, 2000 and June 6, 2000 are modified, on the law and the facts, without costs, by reversing so much thereof as awarded plaintiff title to defendant's real property at 8 Commercial Street in the Village of Gilbertsville, Otsego County, and established child support on the basis of defendant's imputed earnings; matter remitted to the Supreme Court for de novo determinations on the issues of child support and equitable distribution and for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.