■ STEPHANIE L. CORBETT, Respondent, v JOHN J. CORBETT III, Appellant. [775 NYS2d 89]—

---

Lahtinen, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered July 23, 2002 in Albany County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

Defendant seeks review of Supreme Court's equitable distribution award regarding the parties' travel trailer, its allocation of marital debt and its direction that he pay $5,017 annually as support for the parties' three children. Plaintiff and defendant were married in 1985 and have three children, born in 1987, 1991 and 1993. Plaintiff commenced this divorce action in July 2000. At the time of trial in May 2002, plaintiff earned $16,843 as a bus monitor. Defendant, who suffers from end stage renal disease and is dialysis dependent, has been disabled most of the time since 1992. He received $14,100 in Social Security disability income and was entitled to $3,847 in annual disability income from his former employer's pension plan. Because of defendant's disability, the children receive $7,020 annually from Social Security.

Although the parties stipulated to many issues, including joint legal custody with primary physical custody to plaintiff, a trial was held regarding the trailer, the marital debt and child support. Supreme Court directed that the trailer, which had a value of $3,000 and was encumbered with an $800 lien, be sold and the net proceeds distributed 90% to plaintiff and 10% to defendant. Defendant's child support obligation was set at $5,017 annually, retroactive to the commencement of the action. The marital debt was determined to be about $17,000 and plaintiff was held responsible for $1,700, which was deducted from the arrearages for child support of $10,033 found to be owed by defendant. Plaintiff's request for counsel fees was denied. Defendant appeals.

We turn first to defendant's contention that Supreme Court erred in its distribution of the trailer and marital debt. There is no requirement that all marital property must be divided equally (see Arvantides v Arvantides, 64 NY2d 1033, 1034 [1985]; Farrell v Cleary-Farrell, 306 AD2d 597, 599 [2003]). The trial court is afforded considerable discretion in fashioning an equitable division of marital property (see Owens v Owens, 288 AD2d 782, 783 [2001]; Hunter v Hunter, 206 AD2d 700, 703 [1994]). Supreme Court found that the trailer had a net value of approximately $2,200. In light of the modest value of this asset and the fact that plaintiff had preserved it by making all the monthly payments of $196 since defendant left the marital residence in March 2000, we are unpersuaded that Supreme Court abused its discretion in awarding plaintiff 90% of its net value.

We find merit, however, in defendant's argument that the marital debt was not divided in an equitable fashion. A primary factor in Supreme Court assessing about 90% of the debt to defendant was its determination that, by failing to apply earlier for a disability pension from his former employer, defendant had engaged in wasteful dissipation of a marital asset. While wasteful dissipation by one spouse is a relevant factor when considering the equitable distribution of marital property (*see* Domestic Relations Law § 236 [B] [5] [d] [11]; *Maharam v Maharam*, 245 AD2d 94, 95 [1997]; *Hansen v Hansen*, 207 AD2d 824 [1994]; *Baker v Baker*, 199 AD2d 967, 968 [1993]), we find no evidence indicating that defendant purposefully did not apply for the disability benefit or that he was even previously aware of the potential benefit. Indeed, it appears that, at the time of trial, neither the parties nor their attorneys were certain of defendant's eligibility in 1992 or during that part of the time between 1992 to 2002 when he was able to work. There is no showing that he attempted to defer a benefit, such as obtaining a lump sum payment after the divorce. The evidence in the record does not show the type of conduct that would support a finding of willful dissipation (*see Graves v Graves*, 307 AD2d 1022, 1023 [2003]; *Newton v Newton*, 246 AD2d 765, 766 [1998], *lv denied* 91 NY2d 813 [1998]).

Having found insufficient evidence of willful dissipation, we address the allocation of the marital debt. At the time of trial, the marital debt was found to be $16,947.69. This debt had accumulated on various credit cards until defendant, with the assistance of his mother who pledged stock as security, obtained a consolidated loan to pay off the credit cards in April 1998. In light of the duration of the marriage and the proof that the debt was incurred covering the daily living expenses of the parties during the marriage, we find that it should be borne equally. Accordingly, plaintiff's responsibility for marital debt is increased from $1,700 to $8,473.84.

Lastly, we turn to the issue of defendant's child support obligation. Supreme Court adequately weighed the factors in Domestic Relations Law § 240 (1-b) (f) and was not convinced to vary from the basic child support obligation. The court further properly determined that the disability payments to the children from Social Security were resources of the children (*see Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 788 [2002], *lv denied* 100 NY2d 534 [2003]). Upon review of the record and noting defendant's lack of proof concerning his alleged expenses, we are unpersuaded that Supreme Court erred in its determination of child support.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by increasing plaintiff's responsibility for marital debt from $1,700 to $8,473.84, and, as so modified, affirmed.