■ Nancy London, Respondent, v Mark S. London, Appellant. [799 NYS2d 646]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Hughes, J.H.O.), entered January 7, 2004 in Schoharie County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

We begin our analysis of this record by rejecting defendant's argument that there must be a reversal by reason of bias and prejudice demonstrated against him by Supreme Court. Courts are obligated to "keep the respective parties focused upon a succinct presentation of evidence relevant to the issues to be decided [and to] . . . insure an orderly and expeditious trial" (*Douglas v Douglas*, 281 AD2d 709, 710-711 [2001]). Observa-

tion of this precept does not demonstrate bias or hostility unless it is clear that due process rights to a fair trial have been impaired (*see Delcor Labs. v Cosmair, Inc.*, 263 AD2d 402, 403 [1999], *lv denied* 94 NY2d 761 [2000]). Here, we find no such infringement of defendant's due process rights.

Although Supreme Court made no written decision, the record reflects that it signed findings of fact and conclusions of law which, nearly without exception, adopted the positions espoused by plaintiff at trial. Unfortunately, due in large measure to the parties' disagreement over who has the burden of proof on certain equitable distribution issues, these findings recite that no evidence was received with respect to market value of the two residences either at the time of trial or the time of commencement of the action, nor was evidence received with respect to the value of much of the personalty, rendering the record insufficient for independent review (*see e.g. Matter of Friar Tuck Inn of Catskills v Town of Catskill*, 2 AD3d 1089, 1089 [2003]; *see also* CPLR 4213 [b]).

While the record is not sufficient to review the issue of valuation, it is nevertheless clear that error occurred in Supreme Court's categorization of several assets. First, with respect to the marital residence at 236 Meyers Road in Schoharie County, Supreme Court determined it to be a marital asset despite uncontroverted evidence that it was acquired by defendant prior to the marriage. Plaintiff mistakenly argues that since defendant did not prove the value of his separate interest, the asset is entirely marital. As the nontitled spouse, plaintiff has the burden of establishing the value, if any, that was added to this property by her direct or indirect contributions during the marriage (*see Burgio v Burgio*, 278 AD2d 767, 769 [2000]). As she did not, Supreme Court should not have awarded her any interest in this asset. Moreover, it was error for Supreme Court to order this separate property sold (*see Carr v Carr*, 291 AD2d 672, 676-677 [2002]).

Supreme Court also found that defendant's Wachovia securities account is marital property. The record is clear that this account was established by defendant prior to marriage and that no deposits or withdrawals have occurred during the marriage. This account was allowed to passively remain solely in defendant's name and, therefore, constitutes his separate property. Supreme Court also found that defendant's pension and profit-sharing trust plans were marital assets despite, again, uncontroverted evidence that these plans were established prior to the marriage while defendant was operating his own professional corporation. There is a marital component to these assets,

however, as contributions were made after the marriage and before the dissolution of the professional corporation. In this regard, defendant argues that plaintiff is entitled to no share in these assets by reason of her failure to offer proof of valuation concerning the separate and marital portions of these assets. Such proof is necessary, however, only if the asset will be the subject of a distributive award (*see Pratt v Pratt*, 282 AD2d 941, 944 [2001]; *Burgio v Burgio, supra* at 769-770). Rather than make a distributive award, Supreme Court erroneously equally divided these accounts and directed that a qualified domestic relations order be employed, if necessary, to transfer half of these funds to an individual retirement account in plaintiff's name. Such a distribution gives defendant no credit for his separate property interest in these accounts. There appears to be no principled reason why the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481, 488-493 [1984]) should not be applied to properly distribute these accounts.

Next, Supreme Court determined that a John Deere tractor was plaintiff's separate property. It would appear from the record, however, that plaintiff purchased this asset using funds from the parties' joint checking account. Despite the fact that plaintiff may have deposited some funds that she inherited from her mother's estate into this account, commingling occurred which may have made the funds marital and the tractor joint property (*see Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]).

Except for defendant's girlfriend and son, who each testified briefly about matters not relevant on this appeal, the only witnesses were the parties themselves. Neither submitted competent evidence of value of any other asset. Both made irreconcilable claims of the value of household furnishings, and both attempted to submit evidence concerning the value of automobiles, jewelry and an all terrain vehicle. Despite a lack of evidence, Supreme Court directed defendant to sell his Rolex watch and the all terrain vehicle and divide the proceeds equally with plaintiff, while ignoring plaintiff's own Rolex watch, thousands of dollars worth of jewelry given to her during the marriage by defendant and all of the household furnishings, leaving all with plaintiff.

Finally, on the issue of categorization, we find no error in Supreme Court having determined that the premises at 268 School Hill Road in Schoharie County is marital, as it was acquired by defendant prior to the institution of the action. While only about six months elapsed between those events, in a rapidly rising real estate market, evidence of a possible purchase

price may not be the equivalent of the actual value of the property at the time of the commencement of the action. Moreover, at least $6,000 of marital funds were used when the premises was purchased.

We note that Supreme Court appropriately categorized defendant's license to practice medicine as his separate property. He acquired his license in 1974 and was not married until 1990. However, this finding was apparently gratuitously made as no claim was made to the contrary nor was any evidence on this subject received.

Inasmuch as the issues of maintenance, child support and counsel fees may be impacted by a proper equitable distribution award, we also remit these issues for retrial. We are, however, unpersuaded by defendant's argument that Supreme Court erred in awarding custody because no report was received from the Law Guardian. A recommendation of a law guardian is germane, but not binding on the court (*see Matter of Kaczynski v Van Amerongen*, 284 AD2d 600, 603 [2001]).

Upon remittal, therefore, the marital residence at 236 Meyers Road and the Wachovia securities account are to be awarded to defendant as his separate property and the house cannot be ordered sold. In addition, defendant's pension and profit-sharing plans that he originated prior to marriage are to be divided in accordance with the *Majauskas* formula and Supreme Court is to require plaintiff's counsel to submit a Qualified Domestic Relations Order to accomplish this division. Also, evidence should be taken with respect to the value, at the time of the commencement of the action, of the real estate at 268 School Hill Road, as well as the household furnishings, jewelry, automobiles and other personal property of the parties and evidence should be received to determine if commingling occurred for the funds used to buy the John Deere tractor. As equitable distribution, maintenance, child support and counsel fees will be impacted by this determination, they must also be reviewed.

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded maintenance, child support, counsel fees and equitable distribution of the parties' marital property; award the marital residence and the Wachovia securities account to defendant as his separate property, divide defendant's pension and profit-sharing plans in accordance with the *Majauskas* formula and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.