■ In the Matter of ROBERT A. BUSH JR., Appellant, v MELISSA BUSH, Respondent. [902 NYS2d 697]—

Egan Jr., J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered May 28, 2009, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

The parties are the separated parents of two children, born in 2000 and 2002. In 2005, with the consent of petitioner (hereinafter the father), respondent (hereinafter the mother) moved from Town of Walton, Delaware County to Florida. Before she moved, a custody and visitation order was entered, whereby the parties stipulated that, among other things, the mother would have sole custody of the children with the father having certain visitation rights. In 2007, after the mother and the children moved back to New York, the parties followed a modified, mutually agreed visitation schedule. In January 2009, the mother advised the father that she intended to join the military reserves and would be required to attend boot camp training. The father

then commenced this proceeding contending that he should be awarded sole custody of the children based, among other things, on the mother's potential absence from the home due to military service.

Following a fact-finding hearing, Family Court found that, while the mother's relocation back to New York constituted a change in circumstances, sole custody should remain with the mother. The court crafted a visitation schedule similar to the schedule set forth in the prior order and also granted the father temporary custody during the mother's expected boot camp commitment—from July 2009 through December 2009. The father now appeals and we affirm.

Initially, in addressing the father's contention that Family Court was biased in favor of the mother, who appeared pro se, "[c]ourts are obligated to 'keep the respective parties focused upon a succinct presentation of evidence relevant to the issues to be decided [and to] . . . insure an orderly and expeditious trial' " (*London v London*, 21 AD3d 602, 602 [2005], quoting *Douglas v Douglas*, 281 AD2d 709, 710-711 [2001]). "Observation of this precept does not demonstrate bias or hostility unless it is clear that due process rights to a fair trial have been impaired" (*London v London*, 21 AD3d at 602-603 [citations omitted]). Based on our review of the record, which reflects Family Court's attempt to streamline the presentation of evidence in accordance with proper court procedures and the rules of evidence, we do not find that the father's due process rights were violated based on a claimed bias in favor of the mother.

In turning to the merits of the appeal, "[w]here modification of an existing custody order is sought, a petitioner must establish a sufficient change in circumstances since entry of the prior order to warrant modification thereof in the child's best interest" (*Matter of Davis v Palacio*, 61 AD3d 1280, 1281 [2009] [internal quotation marks and citation omitted]). As there is no challenge to Family Court's finding of a change in circumstances, we need only address whether it was in the children's best interests to keep custody with the mother (*see Matter of Dickerson v Robenstein*, 68 AD3d 1179, 1180 [2009]). In making this determination, the factors to be considered include "maintaining stability in the children's lives, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development" (*Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]; *see Matter of Dickerson v Robenstein*, 68 AD3d at 1180).

According deference to Family Court's ability to evaluate the testimony and assess the credibility of witnesses (*see Matter of Siler v Wright*, 64 AD3d at 928), we find a sound and substantial basis for its determination (*see id.*; *Matter of Grant v Grant*, 47 AD3d 1027, 1029 [2008]; *Matter of Gravelding v Loper*, 42 AD3d 740, 742 [2007]). The children have resided with the mother since the parties' separation. Since the mother's relocation to New York, the parties have maintained a mutually agreeable visitation schedule. The father testified that he applied for a modification of the custody order based on the mother's stated intention to join the military, the children's tardiness to school and concerns over the children's dental care. Initially, Family Court appropriately dealt with the mother's intention of joining the military reserves by awarding the father temporary custody of the children during the time that the mother was expected to be away at boot camp.* With respect to the children's absences from and tardiness to school, the record reflects that the mother has taken steps to address the problem and the children are performing well in school. Furthermore, contrary to the father's allegations, there is no evidence that the mother's work schedule or financial difficulties has placed the children in jeopardy. Likewise, there is also no evidence that the mother has failed to obtain appropriate dental care and educational services for the children. We are unpersuaded that the father's remaining contentions require reversal of Family Court's determination.

Cardona, P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Aside from the initial boot camp from July to December 2009, the mother expected that her military obligation in the reserves would consist of one weekend per month and two weeks per year.