■ AVIDEH SADAGHIANI, Respondent, v RAMIN GHAYOORI, Appellant. [923 NYS2d 236]—

Rose, J. Appeals from two judgments of the Supreme Court (Teresi, J.), entered June 30, 2010 in Albany County, granting plaintiff a divorce and ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

Within weeks of the parties' 2001 marriage in Iran, plaintiff, a United States citizen, returned to her residence in Albany County pregnant with the only child of the marriage (born in 2001). Defendant, an Iranian citizen at the time of the marriage, arrived in the United States in 2002. He was a licensed physician in Iran and, within months of his arrival in the United States, he moved from plaintiff's residence to New York City to obtain licensure in this country and pursue his medical career. Although defendant initially returned to Albany County on weekends, his visits to the marital residence became sporadic, with many weeks and sometimes months passing between them. In December 2004, plaintiff obtained an order of child support and, in 2005, defendant commenced an unsuccessful action for divorce. After completing his residency, defendant moved to California in 2008, and plaintiff commenced this action for divorce. The parties stipulated to grounds and waived maintenance, and a trial was held on the issues of equitable distribution, custody, visitation and child support. Supreme Court determined, among other things, that a portion of defendant's medical license was marital property, awarded approximately 30% of that portion to plaintiff, awarded plaintiff sole physical custody of the child with liberal visitation as the parties could agree and ordered de-

fendant to pay $650 per week in child support.* Defendant appeals, challenging the valuation and distribution of his enhanced earning capacity, the failure to distribute certain other property, the child support award, and the visitation order.

The only evidence submitted on the issue of the value of defendant's enhanced earnings from his medical license was from plaintiff's expert, who provided two valuation scenarios. Supreme Court accepted the value under the first scenario and found that one third of the enhanced earning capacity was marital property, resulting in the availability of $527,667 for distribution. Given the uncontroverted nature of the expert testimony and report, Supreme Court's valuation of the marital portion is supported by the record and cannot be said to be an abuse of discretion (*see Bean v Bean*, 53 AD3d 718, 722 [2008]; *Farrell v Cleary-Farrell*, 306 AD2d 597, 598 [2003]; *Douglas v Douglas*, 281 AD2d 709, 713 [2001]).

We must agree with defendant, however, that the distribution of 30% of the marital portion to plaintiff is not equitable under the circumstances. A nontitled spouse seeking a portion of the enhanced earning potential attributable to a professional license or degree of a titled spouse is required to establish that a substantial contribution was made to the acquisition of the degree or license (*see McAuliffe v McAuliffe*, 70 AD3d 1129, 1136 [2010]; *Brough v Brough*, 285 AD2d 913, 914 [2001]). Where, as here, only modest contributions are made by the nontitled spouse, and the attainment of the degree is more directly the result of the titled spouse's own hard work, distribution of the enhanced earning capacity should be limited (*see Carman v Carman*, 22 AD3d 1004, 1006-1007 [2005]; *Farrell v Cleary-Farrell*, 306 AD2d at 599).

Defendant obtained his medical degree prior to the marriage and, by the time he arrived in the United States, he had already passed some of the examinations required to practice medicine here. He cohabited with plaintiff for less than six months upon his arrival, after which time he took additional tests and obtained a volunteer position in New York City while seeking a medical residency. Defendant started his volunteer position in

---

* The parties and attorney for the child submitted proposed findings of fact and conclusions of law, with accompanying proposed judgments. Supreme Court adopted plaintiff's proposed findings and conclusions wholesale, edited those of the attorney for the child and signed both proposed judgments. As we noted in *Noble v Noble* (78 AD3d 1386, 1387 [2010]), it is the better practice to write a decision that explains and justifies the court's exercise of discretion (*see* Domestic Relations Law § 236 [B] [5] [g]), rather than merely to edit and adopt proposed findings of fact and conclusions of law (*see Capasso v Capasso*, 119 AD2d 268, 275-276 [1986]).

early 2003 and obtained a residency in obstetrics/gynecology in 2004 in New York City, where he remained until its completion in 2008, when he accepted a position as a licensed physician in California. Defendant's expenses while living in New York City were covered by his mother, and there was no evidence that plaintiff interrupted her career or adjusted her lifestyle to support defendant's efforts in obtaining his license. Indeed, plaintiff herself obtained a Master's degree during the marriage while continuing to be employed full time. While plaintiff did provide support and assistance to defendant initially when he arrived in the United States, cared for the parties' child, and provided and maintained a residence for defendant to return to on weekends, her modest contributions support an award of no more than 10% of the marital portion of defendant's enhanced earnings and, thus, we modify the judgments accordingly (*see Farrell v Cleary-Farrell*, 306 AD2d at 599-600; *Brough v Brough*, 285 AD2d at 916; *compare McAuliffe v McAuliffe*, 70 AD3d at 1136, *with Mairs v Mairs*, 61 AD3d 1204, 1206-1207 [2009]).

Next, we cannot agree with defendant's contention that Supreme Court erred in failing to distribute certain property titled in plaintiff's name. Plaintiff testified that the real property she owned was purchased either prior to the marriage or with funds from the sale of separate property. Defendant, as the nontitled spouse, bore the burden of establishing that any increased value in the separate property was due in part to his efforts (*see Bonanno v Bonanno*, 57 AD3d 1260, 1261 [2008]). As defendant offered no evidence that he contributed anything to either the original purchase of the properties or any increase in their value, he was not entitled to distribution of any portion of the real property (*see London v London*, 21 AD3d 602, 603 [2005]; *Burgio v Burgio*, 278 AD2d 767, 769 [2000]). As for plaintiff's pension and deferred compensation plans, an award of the portion earned during the marriage must be based on "considerations of fairness and the respective situations of the parties" (*Redgrave v Redgrave*, 13 AD3d 1015, 1016 [2004] [internal quotation marks and citation omitted]; *see Butler v Butler*, 256 AD2d 1041, 1045 [1998], *lv denied* 93 NY2d 805 [1999]). We agree with Supreme Court that there was no evidence of any direct or indirect contribution by defendant to plaintiff's acquisition of either of these assets (*see Matwijczuk v Matwijczuk*, 261 AD2d 784, 787 [1999]).

Turning to child support, defendant challenges Supreme Court's imputation of income to him. It is well settled, however, that a trial court has considerable discretion in determining the appropriate amount of income to be used in calculating child

support and "is not bound by a parent's account of his or her own finances" (*Armstrong v Armstrong*, 72 AD3d 1409, 1413 [2010] [internal quotation marks and citation omitted]; *see Moffre v Moffre*, 29 AD3d 1149, 1150 [2006]). Income may be imputed based upon prior employment experience as well as future earning capacity in light of a party's educational background (*see Armstrong v Armstrong*, 72 AD3d at 1413; *Matter of Bianchi v Breakell*, 23 AD3d 947, 949 [2005]).

Here, defendant accepted a position in California as an obstetrician/gynecologist in 2008, earning a salary of $150,000 plus a portion of the revenue he generated. Despite defendant's contention that he resigned that position in 2009 to avoid having his hospital privileges revoked, Supreme Court's determination to impute $198,000 in income to him is supported by his most recent tax return (*see Bean v Bean*, 53 AD3d at 722-723; *Matter of Yarinsky v Yarinsky*, 36 AD3d 1135, 1137-1138 [2007]). Defendant's education and potential earning capacity as a physician support the amount of income imputed to him, and his testimony that he was forced to resign his position and was unable to obtain employment thereafter was not supported by any other evidence. We will defer to Supreme Court's assessment of the parties' credibility, and find no basis to disturb the amount of income imputed to defendant for child support purposes (*see Moffre v Moffre*, 29 AD3d at 1150-1151; *Matter of Brefka v Dobies*, 271 AD2d 876, 878 [2000], *lv denied* 95 NY2d 759 [2000]; *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613-614 [1994]).

Nor do we find any basis to disturb Supreme Court's calculation of plaintiff's income, as it, too, was supported by her most recent federal income tax return. Although defendant now argues that certain rental income should have been included, we note that he did not include it in his posttrial calculation of plaintiff's income for child support purposes submitted with his proposed judgment (*see e.g. Spilman-Conklin v Conklin*, 11 AD3d 798, 801 [2004]). In any event, plaintiff testified at trial that the expenses associated with her rental properties meet or exceed the income that they generate, and Supreme Court gave credit to her testimony. Remittal is required, however, because, as defendant points out, the court failed to articulate the factors it considered or deemed relevant in its application of the full statutory percentage to the parties' total combined parental income over the statutory cap of $130,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Bean v Bean*, 53 AD3d at 725; *Cohen v Cohen*, 28 AD3d 840, 841-842 [2006]).

Finally, with respect to visitation, the judgments provide that defendant, who continues to live in California, is to have "liberal and frequent parenting time" with the child in the Albany County area "at times and places as the parents can mutually agree." Although defendant now contends that the court was required to set forth a specific visitation schedule, he sought only "liberal, frequent and regular parenting time . . . including overnights, as the parties can agree" in his proposed judgment (*see Matter of Green v Perry*, 18 AD3d 923, 925 [2005]). Since Supreme Court granted defendant the visitation that he requested, we will not now entertain his claim of an abuse of discretion on this point.

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the judgments are modified, on the law and facts, without costs, by (1) reducing the distribution to plaintiff of the value of defendant's enhanced earning capacity related to his medical license to $52,767 and (2) reversing so much thereof as fixed defendant's child support obligation; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.