*628 The defendant acquired the marital residence prior to the parties’ marriage, using the proceeds of a settlement from a personal injury action. The deed and mortgage were placed and kept solely in his name. Consequently, the marital residence is separate property (see Domestic Relations Law § 236 [B] [1] [d] [1]; London v London, 21 AD3d 602, 603 [2005]; Burgio v Burgio, 278 AD2d 767, 768-769 [2000]). The appreciation of, or increase in the value of, separate property is considered separate property, “except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse” (Domestic Relations Law § 236 [B] [1] [d] [3]; see Tietjen v Tietjen, 48 AD3d 789, 790 [2008]). The plaintiff failed to carry her burden establishing that the marital residence appreciated in value during the parties’ marriage and, if so, that such appreciation was due in part to her efforts (see Albanese v Albanese, 69 AD3d 1005, 1006 [2010]; London v London, 21 AD3d at 603; Kurtz v Kurtz, 1 AD3d 214, 215 [2003]; Burgio v Burgio, 278 AD2d at 769). Thus, it was error for the Supreme Court to award the plaintiff a 50% share in the appreciation of the marital residence. Moreover, it was error for the Supreme Court to direct that this separate property be sold (see London v London, 21 AD3d at 603). However, the plaintiff is entitled to a credit for her equitable share of the marital funds that were used to pay off the mortgage, which was the defendant’s separate debt (see Alessi v Alessi, 289 AD2d 782, 783 [2001]; Burgio v Burgio, 278 AD2d at 769). Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for the calculation of that credit.
Since the Supreme Court did not direct the plaintiff to pay the carrying charges for the marital residence, including the mortgage, during the pendency of her exclusive occupancy of it, the defendant became obligated to do so, while also paying child support. Moreover, the Supreme Court did not award the defendant a credit against his child support obligation for any portion of the carrying charges he paid during the plaintiff’s exclusive occupancy of the marital residence. As a result, the defendant is making double shelter payments (see Mosso v Mosso, 84 AD3d 757, 759 [2011]; Cohen v Cohen, 286 AD2d 698 [2001]; Lenigan v Lenigan, 159 AD2d 108, 112 [1990]). Therefore, the matter must be remitted to the Supreme Court, Suffolk County, for a recalculation of the defendant’s child support obligation, with the defendant receiving a credit for any double shelter payments he previously made (see Mosso v Mosso, 84 AD3d at 759).
The defendant’s remaining contention is without merit (see *629 Mesholam v Mesholam, 11 NY3d 24, 29 [2008]). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.