▬ Avideh Sadaghiani, Respondent, v Ramin Ghayoori, Appellant. [948 NYS2d 566]—

Rose, J.

On a prior appeal in this divorce action, we, among other things, remitted the matter to Supreme Court to state the basis for its application of the full statutory percentage to the parties' total combined parental income over the statutory cap of $130,000 (*Sadaghiani v Ghayoori*, 83 AD3d 1309 [2011]). Upon remittal, Supreme Court issued an amended order setting forth the factors it considered. Defendant now appeals from that order.

Defendant contends that Supreme Court again failed to justify its determination to apply the child support percentage to the total combined income. We disagree. Where, as here, combined parental income exceeds $130,000, the court must determine

---

* Claimant acknowledges that Spier Falls Road/County Route 28 is owned by Saratoga County.

the parties' child support obligations for that excess amount by considering the so-called "paragraph (f)" factors (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]; *Smith v Smith*, 1 AD3d 870, 872 [2003]). The amended order explains the basis of Supreme Court's determination and, in our view, reflects a careful consideration of the parties' circumstances (*see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]). Although defendant also claims that Supreme Court relied on incomes that are not supported in the record, we previously affirmed the amounts of both parties' incomes and need not revisit those issues (83 AD3d at 1311-1312). Accordingly, we will not disturb Supreme Court's exercise of its discretion in applying the full statutory percentage to the total combined parental income (*see Holterman v Holterman*, 3 NY3d 1, 14 [2004]; *Matter of Marcklinger v Liebert*, 88 AD3d 1114, 1116 [2011]; *Smith v Smith*, 1 AD3d at 872).

Mercure, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the amended order is affirmed, without costs.