Lynch, J.
(concurring in part and dissenting in part). I respectfully dissent from so much of the majority’s decision as classified the marital residence as separate property.
We certainly all agree that Domestic Relations Law § 236 defines marital property as “all property acquired by either or both spouses during the marriage” (Domestic Relations Law § 236 [B] [1] [c]), and that separate property includes “property acquired before marriage” (Domestic Relations Law § 236 [B] *121 [1] [d] [1]). The dispute here concerns the transformation of the residence from separate into marital property. The record shows that defendant (hereinafter the husband) acquired title to the property in January 1994 for the sum of $260,000. The husband paid $130,000 toward the acquisition and borrowed an additional $100,000 from his father, secured by a note and mortgage. Supreme Court credited the testimony of plaintiff (hereinafter the wife) that she contributed $30,000 towards the purchase price, but was unable to attend the closing due to work commitments in New York City. At the closing, the husband took title in his name alone. Significantly, the wife agreed to pay off the mortgage so as to equalize their contributions or, as described by the husband, since he “put down the lion’s share of the money to purchase it. . . she would pay the mortgage.” The wife made the mortgage payments for more than two years prior to the marriage and through 2003, when a satisfaction of mortgage was issued by the husband’s mother, as representative of her husband’s estate. At that time, the principal balance was released with the understanding that continued payments would be made to the daughter’s college trust. Likening this scenario to that in Ryan v Ryan (123 AD2d 679 [1986]), Supreme Court determined that the residence was transformed from separate property into marital property. I agree. By his own account, the husband testified that it was only fair that the parties equally contribute to the purchase of the property since they both would live there. In my view, this financial arrangement, initiated upon the acquisition of the property and continuing after the parties were married, transformed this property into a marital asset (see Matwijczuk v Matwijczuk, 261 AD2d 784, 785-786 [1999]; Ciaffone v Ciaffone, 228 AD2d 949, 953 [1996]).
I also believe that the majority places undue emphasis on title, in disregard of the actual agreement between the parties to equally bear the financial burden to acquire this property. In a very real sense, the only factor to substantiate the husband’s separate property claim is the fact that the deed was placed in his name. The fortuitous circumstance that the wife was unable to attend the actual closing, however, should really be of no moment, given that advance arrangements can routinely be made to include both purchasers’ names on a deed regardless of attendance. No plausible explanation was provided for excluding the wife’s name from the deed, except her testimony that the husband chose not to put her name on the deed because “that’s just how it’s done in his family.”
*122 This Court, in both Matwijczuk v Matwijczuk (supra) and Ciaffone v Ciaffone (supra), recognized that a nontitled spouse’s premarital contributions to the development of a separate property asset can serve to transform that property from separate into marital property. The application of this principle is particularly appropriate here, where the wife made a significant financial contribution to acquire the asset in the first instance, when, according to her testimony, the parties were engaged and living together in New York City, and then paid the mortgage with her separate funds prior to marriage. That factual context readily distinguishes this case from the situation in Burgio v Burgio (278 AD2d 767 [2000]), cited by the majority, in which the husband acquired and improved the real property before the marriage utilizing his own funds, without any contribution by the wife.
Under the circumstances presented, the wife should not be relegated to the remedy of a constructive trust to recover her premarital financial contributions to the purchase of the property. Where, as here, marital funds were presumably utilized to pay down the mortgage note for a period of seven years after the marriage (see Carr v Carr, 291 AD2d 672, 676 [2002]), the situation is akin to the deposit of separate funds into a joint marital account, with the ongoing use of those funds for marital purposes transforming the funds into marital property (see Judson v Judson, 255 AD2d 656, 657 [1998]). To conclude, as the majority does, that the property retained its separate property status exalts title over the true equitable interests of the parties in this property — a consequence the Equitable Distribuiton Law was intended to prevent (see O’Brien v O’Brien, 66 NY2d 576, 584-585 [1985]). As such, I find no abuse of discretion in Supreme Court’s award to the wife of $170,000, representing half of the stipulated value of the asset.
McCarthy and Garry, JJ., concur with Stein, J.P.; Lynch, J., concurs in part and dissents in part in a separate opinion.
Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as determined that the marital residence was marital property and directed equitable distribution thereof equally to the parties; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.