■ CLAUDIA Z. POSTER, Appellant, v HAROLD S. POSTER, Respondent. [731 NYS2d 725] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about March 19, 2001, which, upon the grant of reargument, adhered to a prior order, same court and Justice, entered on or about October 31, 2000, granting defendant's motion to submit an updated appraisal of the value of the former marital apartment for purposes of equitable distribution, unanimously affirmed, without costs.

In view of the uncommon circumstance that the trial in this divorce action spanned more than three years, the motion court properly determined that the parties would be permitted to obtain more current appraisals for consideration by the court in connection with its valuation of the marital apartment. It is recognized that "a trial court must have the discretion to select a [valuation] date appropriate to the case before it in light of the particular circumstances presented" (*Wegman v Wegman*, 123 AD2d 220, 234; *accord, Smerling v Smerling*, 177 AD2d

429, 430). Here, reliance on the three-year-old appraisals conducted shortly before the commencement of trial could well have resulted in a windfall for plaintiff incompatible with the objective of equitable distribution (*see, Finkelstein v Finkelstein*, 268 AD2d 273, 273-274, *lv denied* 96 NY2d 703).

Defendant's application was not subject to the time limitations of CPLR 3104 (d) since it did not challenge an order pertaining to the supervision of disclosure.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.