Zuzana Kurtz, Respondent, v Richard Kurtz, Appellant. [767 NYS2d 104]—

Judgment, Supreme Court, New York County (Judith Gische, J.), entered March 15, 2002, which, after a nonjury trial, inter alia, awarded plaintiff distributive shares of defendant's law practice and a condominium, denied defendant a distributive share of plaintiff's business, denied defendant maintenance and awarded plaintiff counsel fees, unanimously affirmed, without costs.

The husband's defunct law practice was properly considered a marital asset, with uncollected receivables, because, among other reasons, he failed to disclose, and attempted to conceal, marital assets (*see Maharam v Maharam*, 245 AD2d 94, 95 [1997]). Under the particular circumstances presented, the defunct practice was properly valued as of the date of the action's commencement (*see Poster v Poster*, 287 AD2d 411 [2001]).

The trial court properly denied the husband a distributive share in his wife's business, which was separate property established before the marriage, notwithstanding the claim that the husband had contributed to it, since the husband made no showing in satisfaction of his burden to demonstrate the baseline value of the business and the extent of its appreciation (*see Capasso v Capasso*, 129 AD2d 267, 282 [1987], *lv denied and dismissed* 70 NY2d 988 [1988]).

The Brooklyn condominium was properly found to be a marital asset, the husband having failed to rebut the presumption that the property, acquired during the parties' marriage, was marital property (*see Solomon v Solomon*, 307 AD2d 558 [2003]).

The denial of maintenance was appropriate under the circumstances. The husband, who, despite his disbarment, has law-related and business talents, failed to demonstrate that he was physically disabled from using those and other abilities. Although it is undisputed that he has a heart condition, it is abundantly clear that he was not consequently disabled from working.

Finally, the award to the wife of 40% of her counsel fees was appropriate, since the husband, a former matrimonial practitioner, was at a distinct advantage, and not only acted frivolously in the conduct of litigation, but failed to provide discovery in a studied and deceptive attempt to secrete assets (*cf. Silverman v Silverman*, 304 AD2d 41, 48 [2003]). The wife's attorney was in substantial compliance with the rules for filing retainers in matrimonial actions (*see Flanagan v Flanagan*, 267 AD2d 80 [1999]).

We have considered defendant's other contentions and find them unavailing. Concur—Nardelli, J.P., Tom, Mazzarelli and Marlow, JJ.