■ Charles G. Morrow, Respondent, v Svetlana Frkovic Morrow, Appellant. [800 NYS2d 378]—

Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered January 23, 2004, which, after a nonjury

---

trial, inter alia, dissolved the marriage between the parties, distributed the marital property and awarded defendant wife child support and maintenance, unanimously modified, on the law and the facts, the ninth decretal paragraph amended to fix the term of defendant's monthly maintenance award of $3,000 at eight years, the eleventh decretal paragraph amended to extend plaintiff's monthly child support payments of $2,324 through "one month after the child's 21st birthday," and otherwise affirmed, without costs.

The trial court properly found that while defendant was entitled to a share in the appreciation of her husband's separate property business during the marriage (*see Hartog v Hartog*, 85 NY2d 36, 48-49 [1995]), owing to her own contributions thereto, she nonetheless failed to satisfy her burden of establishing "the baseline value of the business and the extent of its appreciation" (*see Kurtz v Kurtz*, 1 AD3d 214, 215 [2003]). The court also appropriately determined that the apartment in Croatia, which was, at the time of trial, occupied by defendant's mother, was marital property, which "includes property acquired by either spouse during the marriage 'regardless of the form in which title is held' (Domestic Relations Law § 236 [B] [1] [c])" (*Bartha v Bartha*, 15 AD3d 111, 115 [2005]). Furthermore, the fact "[t]hat one of the spouses acquired title to property jointly with another relative would not necessarily interfere with its being considered marital, at least to the extent of the spouse's established interest" (*id.*).

Defendant should, however, receive maintenance for a period of eight years, rather than three, so as to enable her to retain her predivorce standard of living until she is better able to support herself at the previous level (*see Hartog*, 85 NY2d at 50-52). We further modify to the extent voluntarily agreed upon by plaintiff in providing support to the parties' daughter until she reaches 21 rather than 18, the age directed by the court.

We have considered defendant's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Mazzarelli, Ellerin and Gonzalez, JJ.