■ SHANNON ALBANESE, Respondent, v JONATHAN O. ALBANESE, Appellant. [892 NYS2d 631]—

Lahtinen, J.

Defendant graduated from law school in 1982 and has worked as a solo practitioner in his own firm continuously since such time. In 1987, he married plaintiff and they had two children during the marriage (born in 1990 and 1993). This divorce action was commenced in 2005. Following a trial, Supreme Court rendered a detailed written decision that, among other things, provided for the division of the parties' various property, set minimum child support at slightly under $385 per week (defendant was voluntarily paying in excess of the minimum amount), directed maintenance for six years starting at $2,400 per month (and going down to $1,800 per month upon the sale of the marital residence), and awarded plaintiff $104,000 (payable in $10,000 annual installments) for the marital value of defendant's law practice. Defendant appeals.

The primary argument advanced on appeal is that the value placed on defendant's law practice was not supported by sufficient evidence. The law firm was established five years before the marriage and, as such, constituted separate property (see *Berliner v Berliner*, 33 AD3d 745, 747 [2006], *lv dismissed* 8 NY3d 839 [2007], *lv denied* 10 NY3d 702 [2008]; *see generally Kurtz v Kurtz*, 1 AD3d 214, 215 [2003]; *Douglas v Douglas*, 281

AD2d 709, 713 [2001]; *Patricia B. v Steven B.*, 186 AD2d 609, 610 [1992]). "However, any appreciation in value of such separate property may be subject to distribution if there is a nexus between the titled spouse's efforts and the increase in value and those efforts were aided or facilitated by the nontitled spouse" (*Van Dyke v Van Dyke*, 273 AD2d 589, 592 [2000] [internal quotation marks and citations omitted]; *see Hartog v Hartog*, 85 NY2d 36, 46 [1995]; *Price v Price*, 69 NY2d 8, 18 [1986]). "The nontitled spouse bears the burden of proof on this issue" (*Van Dyke v Van Dyke*, 273 AD2d at 592 [citations omitted]; *see Morrow v Morrow*, 19 AD3d 253, 254 [2005]; *Burgio v Burgio*, 278 AD2d 767, 769 [2000]).

Here, the only evidence in the record regarding the value of defendant's law practice related to the purported value at the time the divorce action was commenced. Plaintiff, who was represented by seasoned counsel and retained an experienced expert, presented no proof of a baseline value at the time of the marriage or of an appreciation in the value of the practice during the marriage. While plaintiff's role as homemaker and mother to the parties' children established that she was entitled to a share of any appreciation, there was no evidence offered from which appreciation could be found (*see Morrow v Morrow*, 19 AD3d at 254; *Burgio v Burgio*, 278 AD2d at 769). Under such circumstances, an award for the value of the law practice was inappropriate (*see Burgio v Burgio*, 278 AD2d at 769; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 236, at 321).

The remaining arguments are either academic or unavailing.

Peters, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff $104,000 as the one-half marital value of defendant's law practice, and, as so modified, affirmed.