■ Linda S. Clark, Respondent, v Arthur Clark, Jr., Appellant. [985 NYS2d 276]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Westchester County (Scheinkman, J.), dated May 14, 2012, which granted the plaintiff's motion for an award of counsel fees to the extent of directing the defendant to pay the plaintiff counsel fees in the sum of $20,000, and (2), as limited by his brief, from stated portions of a judgment of the same court (Christopher, J.), dated June 16, 2012, which, upon a decision of the same court (Christopher, J.) dated January 27, 2012, made after a nonjury trial, among other things, awarded the plaintiff the sum of $185,126 as a distributive award relating to his company, Clark Development, LLC, denied his application for a credit for payment of maintenance in the sum of $8,000 for certain temporary maintenance payments he made to the plaintiff, and awarded the plaintiff maintenance in the sum of $3,750 per month for a period of nine years.

Ordered that the order dated May 14, 2012, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding the plaintiff the sum of $185,126 as a distributive award relating to the defendant's company, Clark Development, LLC, and (2) by deleting the provision thereof denying the defendant's application for a credit for the payment of maintenance in the sum of $8,000, and substituting therefor a provision granting that application; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property" (Steinberg v Steinberg, 59 AD3d 702, 704 [2009] [internal quotations marks omitted]). The defendant overcame the presumption that funds he deposited into the account of Clark Development, LLC (hereinafter CD, LLC), a company he formed during the marriage, were marital funds by presenting sufficient evidence that the source of the funds was separate property (see Tsigler v Kasymova, 73 AD3d 1159, 1160 [2010]). Moreover, although appreciation of, or increase in the value of, separate property is considered separate property, "except to the extent that such appreciation is due in part to

the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]), the plaintiff failed to carry her burden of establishing that CD, LLC, as the defendant's separate property, appreciated in value during the parties' marriage (*see Patete v Rodriguez*, 109 AD3d 595, 598 [2013]). Accordingly, the Supreme Court erred in directing that the plaintiff was to receive a distributive award relating to CD, LLC.

The Supreme Court also erred in denying the defendant's application for a credit for the payment of maintenance in the sum of $8,000, representing additional temporary maintenance payments he made pursuant to an ex parte order to show cause brought by the plaintiff prior to trial. In an order dated February 17, 2011, the Supreme Court (Walker, J.) found that the additional temporary maintenance was unwarranted and that the defendant was entitled to a credit for payments made. "The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *see Ramanathan v Aharon*, 109 AD3d 529, 530 [2013]; *Carbon Capital Mgt., LLC v American Express Co.*, 88 AD3d 933, 935-936 [2011]). The trial court's determination to not grant the defendant the $8,000 credit to which Justice Walker determined he was entitled violated the doctrine of law of the case, since the issue of the defendant's entitlement to the credit was previously determined on the merits, in the same action, in the order dated February 17, 2011.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Rabinovich v Shevchenko*, 93 AD3d 774, 775 [2012], quoting *Siskind v Siskind*, 89 AD3d 832, 833 [2011]). "In determining the amount and duration of an award of maintenance, the Supreme Court 'must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance' " (*Rabinovich v Shevchenko*, 93 AD3d at 775, quoting *Giokas v Giokas*, 73 AD3d 688, 689 [2010]). Considering the relevant factors, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $3,750 per month for a period of nine years.

The Supreme Court properly determined that the plaintiff was entitled to an award of counsel fees in the sum of $20,000 (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]).

The defendant's remaining contention is without merit. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.