■ Elinor R. Tatum, Respondent, v Curtis R. Simmons, Appellant. Grimes & Zimet et al., Nonparty Appellants. [21 NYS3d 208]—

Judgment of divorce, New York County (Matthew F. Cooper, J.), entered June 12, 2014, which, inter alia, awarded defendant husband $30,006 in equitable distribution, awarded the parties joint legal custody of their child with separate decision-making zones and a near 50/50 parental access schedule, and denied the husband's request for an award of counsel fees, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered February 7, 2013, May 29, 2013, December 18, 2013, and March 24, 2014, and entered on or about December 13, 2012, which, inter alia, denied the husband's motions for interim awards of counsel fees, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Supreme Court's distribution of marital property was amply supported by the record and was not an abuse of discretion (*see* Domestic Relations Law § 236 [B] [5] [d]; *Holterman v Holterman*, 3 NY3d 1 [2004]). The court properly found that the husband was not entitled to a portion of the appreciation in the value of the wife's real estate properties, which were her separate property, because the husband failed to demonstrate that the property in question increased in value or that he contributed to any alleged appreciation (*see Embury v Embury*, 49 AD3d 802, 804 [2d Dept 2008]). The husband also never sought to have the wife's pension distributed at trial and never provided any evidence as to its increase in value.

The wife also established that she obtained ownership of the Amsterdam News as part inheritance from her father and part gift from her mother, which makes it her separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1]; *Feldman v Feldman*, 194 AD2d 207, 215 [2d Dept 1993]). In any event, the husband failed to meet his burden to prove its value or to show that he contributed directly or indirectly to the Amsterdam News so as to entitle him to the appreciation in its value (*see Morrow v Morrow*, 19 AD3d 253 [1st Dept 2005]).

Nor did the husband put forth any proof at trial to support his claims that the wife dissipated marital assets to pay her counsel fees, to maintain her upstate properties, or to make

loans to the Amsterdam News (*see Epstein v Messner*, 73 AD3d 843, 846 [2d Dept 2010]).

The court properly awarded the parties' shared legal custody of the child with each party having final authority over separate decision-making zones (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). The court's determination that it was in the child's best interest for the parties not to have a 50/50 access schedule had a sound and substantial basis in the record (*Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 726 [1st Dept 2006], *lv denied* 7 NY3d 717 [2006]). The temporary 50/50 schedule in place during the pendency of the action had too many transitions and too much opportunity for conflict.

Nor was the court bound to follow the recommendation of the court-appointed forensic evaluator (*see Matter of John A. v Bridget M.*, 16 AD3d 324, 332 [1st Dept 2005], *lv denied* 5 NY3d 710 [2005]). While the court found the forensic evaluator's clinical observation about the parties to be accurate and convincing, the court also concluded that she was overly optimistic about the parties' ability to work together in the future. The court's conclusion was based upon consideration of the evidence of hostility and strife between the parties, which the court did not believe would subside after the divorce.

The court providently exercised its discretion in denying the husband's requests for interim awards of counsel's fees, as well as his request for fees made after trial, after considering the financial positions of the parties and the circumstances of the case (*see* Domestic Relations Law § 237; *Johnson v Chapin*, 12 NY3d 461, 467 [2009]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Specifically, the court found that the difference in the parties' incomes was not that great, that both parties had significant separate property they could utilize to pay counsel, and that the husband's positions in the litigation were not meritorious. Even if the court had accepted the contention that the wife was the monied spouse and, thus, that there was a rebuttable presumption that the husband should be awarded counsel fees (*see Saunders v Guberman*, 130 AD3d 510, 511 [1st Dept 2015]), the court did not abuse its discretion in finding that such presumption would be overcome by various factors, including the husband's significant real estate holdings and the lack of merit to his positions.

We have considered the husband's and nonparty appellants' remaining claims and find them unavailing. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.