Jamie M. Stickney, Appellant, v Christopher A. Stickney, Respondent. [41 NYS3d 912]—

Appeal by the plaintiff from a judgment of divorce of the Supreme Court, Suffolk County (Jennifer Buetow, Ct. Atty. Ref.), entered April 10, 2014. The judgment, insofar as appealed from, upon a decision of that court dated October 31, 2013, made after a nonjury trial, determined that the appreciation in value, if any, of the defendant's share of the retained earnings held by Newins Bay Shore Ford, Inc., is not subject to equitable distribution.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, she is not entitled to the increase in the value, if any, of the retained earnings held by Newins Bay Shore Ford, Inc., the automobile dealership in which the defendant had a 50 percent ownership interest and which the parties stipulated constituted his separate property. The appreciation of, or increase in the value of, separate property is considered separate property, "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1]

[d] [3]). Here, the plaintiff failed to carry her burden of establishing that the retained earnings had appreciated in value during the parties' marriage and that any such appreciation was due in part to her efforts (see *Clark v Clark*, 117 AD3d 668, 668-669 [2014]; *Patete v Rodriguez*, 109 AD3d 595, 598-599 [2013]; see also *Jolis v Jolis*, 98 AD2d 692, 693-694 [1983]).

Accordingly, the Supreme Court properly determined that the appreciation in value, if any, of the defendant's share of the retained earnings held by Newins Bay Shore Ford, Inc., is not subject to equitable distribution. Rivera, J.P., Austin, Roman and Connolly, JJ., concur.