■ In the Matter of ELIZABETH S., Respondent, v EDGARD N., Appellant. [56 NYS3d 51]—

Order, Family Court, New York County (Carol Goldstein, J.), entered on or about October 8, 2015, which, to the extent appealed from, after a nonjury trial, awarded petitioner mother primary physical custody of the parties' child, granted the parties joint legal custody, with the mother having final decision-making authority in the area of education, and granted respondent father parental access pursuant to a schedule providing for the child to stay with him for six out of every fourteen days and one week for summer vacation, unanimously affirmed, without costs.

Family Court's determination of the custody and visitation issues has a sound and substantial basis in the record, and the father has identified no grounds to disturb the determination (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of Carl T. v Yajaira A.C.*, 95 AD3d 640, 641 [1st Dept 2012]). The court properly considered the totality of the circumstances and the best interests of the child (*Eschbach*, 56 NY2d at 171, 174). In particular, in awarding primary physical custody to the mother, the court appropriately considered that the child had been residing primarily with the mother since he was 10 months old, pursuant to the parties' voluntary arrangement, and was thriving under that arrangement (*see Matter of Lawrence C. v Anthea P.*, 79 AD3d 577, 579 [1st Dept 2010]). Similarly, the visitation schedule set by the court largely adhered to the parties' long-standing arrangement (*see Eschbach*, 56 NY2d at 171; *see also Steck v Steck*, 307 AD2d 819, 820 [1st Dept 2003]).

Family Court appropriately considered the evaluation of the court-appointed forensic evaluator (*see Matter of Cisse v Graham*, 120 AD3d 801, 806 [2d Dept 2014], *affd* 26 NY3d 1103 [2016]), who concluded that both parties were fit parents, as well all the other evidence, in reaching its conclusion.

Family Court properly awarded the parties joint legal custody with "spheres of influence," given the parties' acrimonious relationship (*see Trapp v Trapp*, 136 AD2d 178, 181 [1st Dept 1988]; *M.R. v A.D.*, 32 Misc 3d 512, 534-535 [Sup Ct, NY County 2011]). Further, the record supports the court's determination to award the mother final decision-making authority in the area of education, given her resourceful and proactive approach to the child's education and her demonstrated willingness to keep the father fully informed of her decision making on such issues and to solicit his input as appropriate.

We have considered the father's remaining contentions and find them unavailing. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kahn, JJ.