Appeal by the defendant and cross-appeal by the plaintiff from a judgment of divorce of the Supreme Court, Nassau County (Geoffrey J. O’Connell, J.H.O.), entered October 27, 2015. The judgment, insofar as appealed from, upon a decision of that court dated March 26, 2015, made after a nonjury trial, awarded the plaintiff the sum of $91,500, representing, in effect, 25% of the appreciation in value of the defendant’s dental practice during the marriage.
 

 Ordered that the cross appeal by the plaintiff is dismissed as abandoned; and it is further,
 

 Ordered that the judgment is reversed insofar as appealed from by the defendant, on the law; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant.
 

 The parties married in 1984. At that time, the defendant, who had been a dentist for at least five or six years, had his own dental practice at which the plaintiff was an employee. The parties had two children together during their marriage. In 2007, the plaintiff commenced this divorce action. After a nonjury trial, the Supreme Court issued a decision after trial and a judgment thereon. The defendant appeals from so much of the judgment as, in effect, awarded the plaintiff a portion of the appreciation in value of the defendant’s dental practice during the marriage. We reverse insofar as appealed from.
 

 “An increase in the value of separate property is considered separate property ‘except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse’” (Maddaloni v Maddaloni, 142 AD3d 646, 650 [2016], quoting Domestic Relations Law § 236 [B] [1] [d] [3]; see Johnson v Chapin, 12 NY3d 461, 466 [2009]; Clark v Clark, 117 AD3d 668, 669 [2014]). The nontitled spouse has the burden of establishing that any increase in the value of the separate property was due at least in part to his or her direct or indirect contributions or efforts during the marriage (see Robinson v Robinson, 133 AD3d 1185, 1187 [2015]; Patete v Rodriguez, 109 AD3d 595, 598 [2013]; Scher v Scher, 91 AD3d 842, 844 [2012]).
 

 Here, the Supreme Court improperly awarded the plaintiff the sum of $91,500, representing, in effect, 25% of the appreciation in value during the marriage of the defendant’s dental practice, which was his separate property. Although the evidence at trial demonstrated that the plaintiff made limited contributions with respect to the practice (see Morrow v Morrow, 19 AD3d 253, 254 [2005]; cf. Maddaloni v Maddaloni, 142 AD3d at 650), the plaintiff did not offer any proof of the value of the dental practice at the time of the marriage. Accordingly, she failed to satisfy her burden of establishing “the baseline value of the business and the extent of its appreciation” (Morrow v Morrow, 19 AD3d at 254 [internal quotation marks omitted]), and the court erred in making an award to the plaintiff on this basis (see Ceravolo v DeSantis, 125 AD3d 113, 117-118 [2015]; Clark v Clark, 117 AD3d at 669; Davidman v Davidman, 97 AD3d 627, 628 [2012]; Albanese v Albanese, 69 AD3d 1005, 1006 [2010]; Burgio v Burgio, 278 AD2d 767, 769 [2000]).
 

 Balkin, J.R, Maltese, Barros and Connolly, JJ., concur.