Behan v Kornstein (2018 NY Slip Op 05974)





Behan v Kornstein


2018 NY Slip Op 05974


Decided on September 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 6, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


303383/10 6855 6854

[*1]Tamara Behan, Plaintiff-Respondent,
v Andrew N. Kornstein, Defendant-Appellant.


Alexander Potruch, LLC, Garden City (Alexander Potruch of counsel), for appellant.
Chemtob Moss Forman & Beyda, LLP, New York (Joshua Forman of counsel), for respondent.



Judgment, Supreme Court, New York County (Marilyn T. Sugarman, Special Referee), entered July 24, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff wife exclusive use and occupancy of the marital residence through June 2020 and directed defendant husband to continue paying the mortgage, maintenance, and assessments thereon, awarded plaintiff 15% of the fair market value of defendant's medical practice at the date of commencement of the action, distributed equally the value of the parties' house in Connecticut after awarding defendant a separate property credit, distributed equally the parties' jointly titled bank accounts, distributed 25% of defendant's individually titled brokerage accounts to plaintiff, distributed equally the marital portion of the parties' retirement accounts, distributed equally the value of the parties' art, jewelry, and certain furnishings purchased during the marriage, directed defendant to maintain his life insurance policy in the amount of $2,000,000 and to name plaintiff as irrevocable beneficiary, and awarded plaintiff counsel fees, unanimously modified, on the law and the facts, to direct that plaintiff's exclusive use and occupancy of the marital residence, and defendant's obligation to pay the mortgage, maintenance, and assessments thereon, shall continue only through December 2018, to reduce the amount of life insurance that defendant is required to maintain to $750,000, to distribute plaintiff's retirement accounts as provided herein, to vacate the award to plaintiff of 15% of the value of defendant's medical practice, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly. Order, same court (Deborah A. Kaplan, J.), entered April 21, 2017, which, to the extent appealed from as limited by the briefs, found defendant in civil contempt, unanimously affirmed, without costs.
Initially, we reject plaintiff's argument that the appeal should be dismissed for defendant's failure to comply with CPLR 5528. We find the appendix that defendant submitted is sufficient to permit full consideration of the issues raised on appeal. Moreover, while plaintiff is correct that defendant's brief contains factual assertions without supporting references to the appendix (see CPLR 5528[a][3], [b]; 22 NYCRR 600.10[d][2][iii]), we do not find this a ground for dismissal.
The court providently exercised its broad discretion in granting plaintiff exclusive use and occupancy of the former marital residence in view of the fact that plaintiff and the parties' child had been residing in the apartment since the commencement of the action.
The court properly determined, based on the parties' financial circumstances and pre-divorce standard of living, that plaintiff was entitled to maintenance in the form of defendant's payment of the mortgage, maintenance, and assessments on the apartment (see Alexander v Alexander, 116 AD3d 472, 473 [1st Dept 2014], lv denied 26 NY3d 915 [2016]). Contrary to defendant's contention, the grant of this specific relief, although plaintiff only requested it for the first time in her posttrial brief, does not violate his due process rights. This relief is warranted by the facts, namely, that plaintiff and the child had been living in the apartment, and is similar to [*2]the relief plaintiff sought before trial, which was to buy out defendant's interest in the apartment (see Clair v Fitzgerald, 63 AD3d 979 [2d Dept 2009]). Further, Domestic Relations Law § 236(B)(5) empowers the court to determine the use and occupancy of the marital residence "without regard to the form of ownership of such property" (id. subd [f]). We modify the judgment, however, to direct that plaintiff's exclusive use and occupancy of the marital residence, and defendant's obligation to pay the mortgage, maintenance and assessments thereon, shall continue only through December 2018, and not through June 2020, as the court directed. "The purpose of maintenance is to give the recipient spouse a sufficient period to become self-supporting" (Naimollah v De Ugarte, 18 AD3d 268, 271 [1st Dept 2005] [internal quotation marks omitted]). The court found that plaintiff, a now 49-year-old college-educated professional, had an imputed annual income of $80,000 based on her work history, which included a position where she earned approximately $175,000 annually. Further, plaintiff was awarded a substantial sum in equitable distribution, and has been receiving maintenance, both temporary and pursuant to the judgment, for approximately eight years, almost as long as the parties' marriage (see Spathis v Dulimof-Spathis, 103 AD3d 599, 601 [1st Dept 2013], lv denied 22 NY3d 913 [2013], cert denied _ US _, 135 S Ct 140 [2014] [court providently exercised its discretion in denying maintenance where the defendant, who was only 44 years old and capable of becoming gainfully employed, was awarded pendente lite maintenance for longer than the length of the parties' short marriage]).
The court properly distributed the parties' marital assets equally, including joint bank accounts, the marital value of the parties' house in Connecticut, and art, jewelry, and certain furnishings purchased during the marriage. Defendant's contention that plaintiff is entitled to no more than 10% of these marital assets because she made little financial contribution to the marriage has no basis in law or fact (see Hartog v Hartog, 85 NY2d 36, 47 [1995] [equitable distribution's purpose is to treat marriage as an "economic partnership"]). Nothing in the record supports defendant's contention that plaintiff is not entitled to 50% of the parties' marital assets.
Similarly, the court properly awarded plaintiff 25% of the individually titled brokerage accounts that defendant had held before the marriage but subsequently commingled with marital funds (see Popowich v Korman, 73 AD3d 515, 519-520 [1st Dept 2010]).
The court properly required defendant to maintain a life insurance policy naming plaintiff as the irrevocable beneficiary (see DRL § 236[B][8][a]; Cohen v Cohen, 120 AD3d 1060, 1066 [1st Dept 2014], lv denied 24 NY3d 909 [2014]). However, the amount of insurance ordered by the court far exceeds that necessary to secure defendant's child support obligations (see Hughes v Hughes, 79 AD3d 473, 476-477 [1st Dept 2010], lv denied 22 NY3d 948 [2013]). Thus, the amount of insurance that defendant is required to maintain should be reduced from $2 million to $750,000. Defendant is permitted to decrease the amount of coverage each year commensurate with the amount of child support paid.
It is undisputed that defendant started his medical practice in 1996, approximately five years before the marriage. Any appreciation in its value attributable in part to plaintiff's contributions or indirect efforts has become marital property for the purposes of equitable distribution (see Price v Price, 69 NY2d 8, 17-18 [1986]). However, plaintiff failed to meet her burden to demonstrate the baseline value of the practice and the extent of its appreciation (see Kurtz v Kurtz, 1 AD3d 214 [1st Dept 2003]). Accordingly, we vacate the award to plaintiff of 15% of the value of the practice.
Although the court properly ordered that the marital portion of the parties' retirement accounts be distributed equally, it failed to quantify the marital portion of plaintiff's accounts. Plaintiff's net worth statement lists two IRAs, and their value shortly after the date of commencement, but fails to indicate the date of acquisition for these accounts. On appeal, defendant maintains that the accounts are fully marital property, and in response, plaintiff does not argue otherwise. Rather, she incorrectly argues that the issue is moot. Because plaintiff has failed to meet her burden of establishing that any part of these IRAs is her separate property, the entirety of the accounts is marital and should be divided equally (see Pedreira v Pedreira, 17 AD3d 213, 214 [1st Dept 2005], lv denied 5 NY3d 716 [2005]). We reject defendant's contention that his defined benefit plan is separate property. Defendant's net worth statement [*3]lists a January 2003 date of acquisition for the account, which is after the parties were married. Thus, this account is entirely marital property.
The court properly awarded plaintiff counsel and expert fees, in addition to a previous interim counsel fee award, which amounts to approximately 70% of the legal fees she accrued through the end of the financial trial. The court took into account defendant's role in driving up legal fees, which included changing attorneys nine times, failing to comply with court orders, and needlessly extending the trial with his belligerent behavior. Although the total fees incurred by plaintiff are high, defendant acknowledges that he had significant fees of his own. Under the circumstances, we see no reason to disturb the counsel fee award to plaintiff (see Brantly v Brantly, 89 AD3d 881, 883 [2d Dept 2011]).
Defendant is correct that his appeal from the order finding him in civil contempt for his repeated failure to comply with the pendente lite order is not moot merely because he has purged his contempt (see Matter of April G. v Duane M., 105 AD3d 491 [1st Dept 2013]). On the merits, contrary to his argument, we find that defendant was not entitled to a hearing on his inability to pay (see Rocco v Rocco, 90 AD3d 886, 886 [2d Dept 2011]). He not only conceded that he was in violation of the pendente lite order, but he also failed to submit financial documentation to substantiate his claim of financial distress.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 6, 2018
CLERK