Jonathan R. v Meredith S. (2019 NY Slip Op 05096)





Jonathan R. v Meredith S.


2019 NY Slip Op 05096


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9735 300603/14

[*1]Jonathan R., Plaintiff-Respondent,
v
Meredith S., Defendant-Appellant.


Law Office of Kenneth Joelson, PLLC, New York (Kenneth Joelson of counsel), for appellant.
Aronson Mayefsky & Sloan, LLP, New York (David Aronson of counsel), for respondent.
Andrew J. Baer, New York, attorney for the child.



Order and partial judgment of divorce (one paper), Supreme Court, New York County (Matthew F. Cooper, J.), entered October 23, 2017, which, to the extent appealed from as limited by the briefs, awarded the parties joint legal custody of their child with separate decision-making zones and set forth a parental access schedule, unanimously affirmed, without costs.
The court's determination to award the parties shared legal custody of the child with each party having final authority over separate decision-making zones has a sound and substantial basis in the record, and the mother has identified no grounds to disturb the determination (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]; Matter of Nelissa O. v Danny C., 70 AD3d 572, 573 [1st Dept 2010]). The court properly considered the totality of the circumstances and the best interests of the child (Eschbach, 56 NY2d at 171, 174).
Contrary to the mother's assertions, the court properly awarded the parties joint custody with separate decision-making zones, given the parties' antagonistic relationship (Matter of Elizabeth S. v Edgard N., 150 AD3d 585, 586 [1st Dept 2017]; Tatum v Simmons, 133 AD3d 550, 551 [1st Dept 2015]).
The court appropriately considered the evaluation of the court-appointed forensic psychiatrist (see Matter of John A. v Bridget M., 16 AD3d 324, 332 [1st Dept 2005], lv denied 5 NY3d 710 [2005]), who concluded that both parties were fit parents, as well as all the other evidence, in reaching its conclusion. However, the court was not bound to follow the recommendation of the forensic evaluator (id. at 332). The forensic report did not address the question of zones of decision-making, and during his testimony the expert admitted that he did not know whether such zones were even an option in New York. Although the forensic psychiatrist expressed some concern that the zones could sometimes overlap, he conceded that utilizing such a system might "incentivize" co-parenting. The court considered the expert's recommendation against the risk that the father would be marginalized by the grant of sole custody to the mother and that any resulting power imbalance would remove any incentive for the parties to be more inclusive in the decision-making process. It appropriately concluded that the risk of marginalization outweighed the challenges presented by the overlapping zones of decision-making.
The mother's arguments with respect to certain holidays and make-up time were never raised during the hearing or in her post-trial memorandum and are unpreserved for appellate review (Matter of Grant v Terry, 104 AD3d 854 [2d Dept 2013]). In any event, the schedule, as a whole, provides each parent with substantial and meaningful time with the child.
It is clear from the record that the child was heard from directly by the court at the hearing and through his attorney throughout the proceedings and in the post-trial summations. The court stated in its decision that it considered the child's position. There is nothing to indicate that the [*2]court disregarded the child's testimony or that his input was not considered.
We have considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK