Gordon v Anderson (2020 NY Slip Op 00034)





Gordon v Anderson


2020 NY Slip Op 00034


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Friedman, J.P., Webber, Kern, Moulton, JJ.


10670 5116/10

[*1] Garey Gordon, Plaintiff-Respondent,
v
Hope Anderson, Defendant-Appellant.


Dikman & Dikman, Lake Success (David S. Dikman of counsel), for appellant.
Fuchs & Eichen, Harrison (Linda A. Eichen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about January 5, 2018, insofar as appealed from as limited by the briefs, awarding plaintiff husband 50% of the appreciation of defendant wife's separate real property, 50% of the cash surrender value of the wife's life insurance policies, and directing the wife to pay the husband outstanding counsel fees in the amount of $41,355.31, unanimously modified, on the law and the facts, to deny the husband any portion of the appreciation of the wife's separate real property, and otherwise affirmed, without costs.
The court improperly distributed 50% of the appreciation of the wife's separate real property because the husband failed to establish his entitlement to it. The husband argues that he is entitled to 50% of the appreciation of the property on the ground that he actively contributed toward the renovations of the property. However, the husband fails to provide any nexus between his alleged contributions and the property's appreciation in value. The husband relies on the testimony of a city tax assessor, who testified only as to the property's passive appreciation, specifically, that the property appreciated in value based on comparative sales in the area, and did not testify that any appreciation in value was due to the renovations done to the property. Indeed, the assessor could not have testified as to whether the property appreciated due to the renovations because he never entered the property to view any of the renovations and he did not take such renovations into account when making his assessment.
Regarding the wife's life insurance policies obtained before the marriage, the court distributed the total cash surrender value as set forth in documents subpoenaed by the husband and entered into evidence at trial. Thus, contrary to the wife's contention, there was an evidentiary basis for its valuation. While generally only the appreciated cash value of the policies would be subject to equitable distribution if made with marital funds (see Sheehan v Sheehan, 161 AD3d 912, 914 [2d Dept 2018]), here the wife was precluded from entering into evidence any related documentation at trial, after refusing to comply with the husband's discovery demands. As a result, the wife was unable to establish the separate property component of these policies, and thus the court acted within its discretion in treating the total cash surrender value as marital property to be divided equally (see Behan v Kornstein, 164 AD3d 1113, 1116 [1st Dept 2018], lv dismissed in part and denied in part 32 NY3d 1078 [2018]).
The court properly considered the financial circumstances of the parties together with all the circumstances of the case, including the relative merit of the parties' positions, in directing the wife to pay the husband's outstanding counsel fees (see DeCabrera v Cabrera-Rosete, 70 NY2d 879 [1987]). Furthermore, the court considered the wife's obstructionist tactics in needlessly prolonging this litigation, such as failing to disclose assets and comply with discovery demands, and disrupting the courtroom during trial (see Johnson v Chapin, 12 NY3d 461, 467 [2009]. Under these circumstances, the counsel fee award, representing approximately 60% of the husband's total fees, was not excessive (see Behan at 1116).
We have considered the wife's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK