Tsung v Tso (2021 NY Slip Op 00275)





Tsung v Tso


2021 NY Slip Op 00275


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 310612/12 Appeal No. 12915-12916 Case No. 2020-01701 2020-00831 

[*1]David Tsung, Plaintiff-Respondent,
v
Jennifer Tso, Defendant-Appellant.


Advocate, LLP, New York (Jason Advocate of counsel), for appellant.
Chemtob Moss Forman & Beyda, LLP, New York (Susan M. Moss of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered August 21, 2019, which, after a hearing, to the extent appealed from as limited by the briefs, granted plaintiff father's application to modify the parties' custody agreement concerning the subject children so as to provide for 50-50 parenting time, and, sua sponte, increased defendant mother's pro ratashare of the parenting coordinator's fees from 10% to 15%, unanimously affirmed, without costs. Order, same court and Justice, entered October 24, 2019, which denied the mother's motion for counsel fees and for reallocation of fees payable to the attorney for the child (AFC) and forensic evaluator, unanimously affirmed, without costs.
A noncustodial parent seeking a change of custody is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing (see David W. v Julia W., 158 AD2d 1, 6-7 [1st Dept 1990]). The court may modify an existing custody arrangement, after a hearing in which all relevant aspects of the matter are considered and weighed by the court, when there has been a subsequent change in circumstances, and the proposed modification would be in the best interests of the child (see id. at 7). On his motion seeking modification of custody, the father made an evidentiary showing sufficient to warrant a hearing.
The father's motion was supported by his affidavit and the parties' communications. In his affidavit, he attested that in the two years since the custody agreements had been entered into, the mother interfered with his access schedule and the parties had proven unable to co-parent, due to the mother's rigidity and refusal to consider his input or engage in productive discussions about the children's schedule, summer camp or extracurricular activities. He attested circumstances had also changed by virtue of the mother obtaining full-time employment outside of the home, which meant the children were often with their nanny rather than the mother after school, and by examples of the mother's exhibiting increasingly worrisome parenting behaviors. Rather than unsubstantiated assertions, as the mother contends, the affidavit was supported by communications between the parties.
The modification to the custody arrangement ordered by the trial court which, having presided over the hearing, had direct access to the parties and was thus best poised to evaluate their testimony, character and sincerity, has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167 [1982]). The evidence showed there had been a change of circumstances and that modification of custody to allow for 50-50 parenting time would be in the children's best interests. The mother does not adequately address a major change in circumstances identified by the court, namely, that the children's expressed preference to spend more time with their father. She repeatedly states the children are thriving under the existing arrangement [*2]without acknowledging this point. To the extent she does refer to their wishes, she states such wishes will be thwarted by the father's work schedule. However, the father attested, in his reply papers to the trial court, to complete control over his work schedule. Moreover, at trial, forensic evaluator Dr. Ravitz testified that even if plans were sometimes upended by the father's work, the children would still get to see the father more often, if 50/50 time, per the 5-2-2-5 schedule that the court ultimately adopted, was implemented.
The mother does not adequately acknowledge that her full-time employment outside of the home was a marked change of circumstances from those in place at the time of the parties' custody agreements. She deflects and instead argues the father misrepresented his work schedule to Dr. Ravitz by underrepresenting the number of times he traveled for work, but she does not show that Dr. Ravitz's recommendations would have been any different had he known that the father typically travels seven, rather than four, times per year. Regarding the children's best interests, the mother fails to acknowledge Dr. Ravitz's findings that the children not only wished to spend more time with the father, but felt more comfortable opening up to him and confiding in him.
We affirm the court's sua sponte decision to reallocate the fees of the parenting coordinator and increase the mother's share from 10% to 15%. Although the parties agreed to a 90% (father) /10% (mother) split of fees in their June 25, 2015 stipulation, the trial court, under the circumstances, properly increased the mother's share, in light of the father's claims that she did not cooperate with the parenting coordinator, and we find the modest reallocation to have been a reasonable way to help fend against such conduct in the future.
The court's denial of the mother's request for counsel fees and reallocation of fees payable to AFC and to the forensic were a provident exercise of its discretion (see Tatum v Simmons, 133 AD3d 550 [1st Dept 2015]). The court properly considered the respective financial circumstances of the parties and the circumstances of the case as a whole, including, but not limited to, the relative merits of each party's positions, and whether either party engaged in conduct or took positions resulting in a delay of proceedings or unnecessary litigation (see De Cabrera v Cabrera-Rosete, 70 NY2d 879 [1987]; Gordon v Anderson, 179 AD3d 402 [1st Dept 2020]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021