Matter of Ivan J. v Felicia V. (2024 NY Slip Op 03330)

Matter of Ivan J. v Felicia V.

2024 NY Slip Op 03330

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Webber, J.P., Gesmer, Mendez, Rosado, Michael, JJ. 

Docket No. V-06087-18/18A, V-06162/18, V-01554-18/19B, V-06162-18/19C, V-06162-18/19D Appeal No. 2509-2509A Case No. 2022-01401 

[*1]In the Matter of Ivan J., Appellant,
v
Felicia ., Respondent. 

Daniel P. Moskowitz, Jamaica, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.
George E. Reed, Jr., White Plains, attorney for the children.

Order, Family Court, New York County (Stephanie Schwartz, J.), entered on or about April 1, 2022, to the extent that it awarded, after a fact-finding hearing, primary physical custody of the subject child S. to respondent mother, with final decision-making authority to petitioner father, unanimously affirmed, without costs. Appeal from so much of the same order insofar as it awarded primary physical custody of the child V. to respondent mother with final decision-making authority to the father, unanimously dismissed, without costs, as moot.
The appeal from the order insofar as it relates to the older child V. is dismissed because she has turned 18 years old. Accordingly, Family Court lacks jurisdiction to determine custody as to her (Family Ct Act §§ 651, 119[c]).
There is a sound and substantial basis in the record for the court's determination that S.'s best interest would be served by awarding primary physical custody to the mother (see Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]; Matter of David H. v Khalima H., 111 AD3d 544, 545 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]). There is no basis to disturb the court's credibility determinations (see Matter of Lisa W. v John M., 142 AD3d 879, 879 [1st Dept 2016], lv denied 28 NY3d 912 [2017]). The court properly considered the totality of the circumstances and concluded that the best interests of the child would be served if she were to remain with the mother, who had been her primary caretaker since birth (see Matter of Frank G. v Crystal C., 198 AD3d 455, 456 [1st Dept 2021]). The record shows that the mother was able to provide a stable environment for the child as well as address her educational and medical needs. Family Court appropriately considered the evaluation of the court-appointed forensic evaluator, who testified that the mother was a capable parent (see Matter of Elizabeth S. v Edgard N., 150 AD3d 585, 586 [1st Dept 2017]).
Contrary to the father's assertion, the court properly considered the child's preference, which was to reside with the mother during the week, and, given her age at the time of the in-camera interview, accorded it some weight (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
We have considered the father's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024