Matter of Emmanuel A. v Evelyn R.M.G. (2025 NY Slip Op 05567)

Matter of Emmanuel A. v Evelyn R.M.G.

2025 NY Slip Op 05567

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. V-15416/21 V-24698/22|Appeal No. 4903|Case No. 2025-00007 2024-06582|

[*1]In the Matter of Emmanuel A., Petitioner-Respondent,
v
Evelyn R.M.G., Respondent-Appellant. 

Richard Cardinale, Brooklyn, for appellant.
Bruce A. Young, New York, for respondent.

Order, Family Court, Bronx County (Robert T. Johnson, J.), entered on or about December 3, 2024, which, after a fact-finding hearing, granted petitioner father's custody petition to the extent of awarding him physical custody of the subject child, with a parenting access schedule for respondent mother, and granted the mother's cross-petition for custody to the extent of awarding the parties joint legal custody, with final decision-making authority to the father, unanimously affirmed, without costs.
Family Court's determination of the custody and visitation issues has a sound and substantial basis in the record, and the mother has failed to identify any grounds to disturb the determination (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). The court properly considered the totality of the circumstances and the parties' credibility to determine the best interests of the child (id. at 174).
Joint legal custody was appropriate in this case because the parties' relationship was not characterized by such level of acrimony and mistrust that would render joint custody unworkable (see Matter of Koegler v Woodard, 96 AD3d 454, 458 [1st Dept 2012], appeal dismissed 19 NY3d 1013 [2012]). The court found both parties to be credible and concluded that they were fit parents who each maintained a positive relationship with the child. They have also been able to communicate with one another in order to provide for the child's needs. Although the record reflects that the mother had limited direct involvement in the child's education and medical care, this was due in part to the father's failure to share information with her regarding the child's schooling and medical issues, as well as his insufficient efforts to foster the relationship between her and the child.
Family Court properly awarded the father final decision-making authority after consultation with the mother, given that the father had been the child's primary caregiver who had taken care of all his needs for several years (see Matter of Stephanie L.L. v Romey S.M., 178 AD3d 550 [1st Dept 2019]). The father also enrolled the child in school, arranged and attended his medical appointments, and enrolled him in health insurance. We note that Family Court appropriately found that "[f]ailure to engage in cooperative parenting would be an appropriate basis to seek modification of custody" (see Matter of Michael B. v Dolores C., 113 AD3d 517, 518 [1st Dept 2014]).
The court's conclusion that an award of primary physical custody to the father was in the best interests of the child has a sound and substantial basis in the record (see Matter of Elizabeth S. v Edgard N., 150 AD3d 585, 586 [1st Dept 2017]). It is undisputed that the father has been the child's primary caretaker for the vast majority of the child's life, and that the child has clearly benefited from the stability and consistency provided by living with the father and stepmother. Similarly, the visitation schedule set by the court largely adhered to the parties' arrangement, which took into account the child's school schedule (see Matter of Ece D. v Sreeram M., 177 AD3d 450, 451 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025