■ STANLEY C. JOHNSON, as Administrator of the Estate of STANLEY C. JOHNSON, JR., Deceased, Respondent, v. MARY TSCHIEMBER, as Administratrix of the Estate of EDWARD J. TSCHIEMBER, Deceased, Defendant, and COMBS FISH COMPANY et al., Appellants. MARY TSCHIEMBER, as Administratrix of the Estate of EDWARD J. TSCHIEMBER, Deceased, Respondent, v. COMBS FISH COMPANY et al., Appellants.— In a consolidated action to recover damages for wrongful death, the appeal is from so much of a judgment entered on a jury verdict as is in favor of respondent Johnson for $50,000 and as is in favor of respondent Tschiember for $125,000. Judgment insofar as appealed from reversed and a new trial granted, with costs to abide the event. At about 5:30 A.M. on Sunday, May 23, 1954 the intestate Tschiember was operating an automobile in which the intestate Johnson was a passenger and which collided with a tractor-trailer operated by appellant Wilson, an employee of appellant Combs. The trailer was registered by appellant Riggs, and Combs owned the truck or tractor (see Vehicle and Traffic Law, § 11, subd. 4; § 59-a, as added by L. 1939, ch. 472, the provisions thereof now being found in § 59). The highway was a two-lane road, about 30 feet wide, and the lanes were separated by a white line and by a double white line at the scene of impact. The road was dry, and the accident occurred at a curve to the left in the direction in which the tractor-trailer was proceeding. The tractor-trailer was proceeding in a southerly direction, and the automobile was traveling in a northerly direction. A newspaper reporter, who arrived at the scene shortly after the accident, took photographs of the area. The photographs show the damage to the vehicles, the positions in which they came to rest after the accident, the road and the dirt debris on the road which fell from portions of the underside of the automobile or from both vehicles. The dirt debris was partially on the easterly side of the southbound lane, on the white lines, and

extended across the northbound lane, or across most of the northbound lane, to or near the position in which the automobile came to rest, off the road, and facing in a generally southerly direction. The tractor-trailer came to rest facing in a southerly direction about 50 feet or more from the point of impact, with the left front wheel of the tractor in the northbound lane and the left rear wheels of the trailer on, or partially on, the white line. The basic issue as to negligence was as to which vehicle was partially across the white line and thus partially in the wrong lane when the collision occurred. The finding of the jury, implicit in the verdict, that the tractor-trailer was partially in the northbound lane and that the automobile was in the northbound lane at the moment of impact, if not based solely on sympathy, was based on speculation and guess. If the dirt debris is indicative of anything as to the exact place where the collision occurred, it tends, in our opinion, to indicate that the tractor-trailer was in the southbound lane. In an action for causing wrongful death, the essential elements showing negligence may be established by circumstantial evidence and the plaintiff is not required to exclude or eliminate every other possible cause (*Trimble* v. *City of New York*, 275 App. Div. 169) but the evidence should justify the inference or conclusion that the defendant was negligent. " True it is that ' in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence' (*Noseworthy* v. *City of New York*, 298 N. Y. 76, 80) but before that rule comes into play there must be some showing of negligence, however slight. *Noseworthy,* and similar cases, describe a method of, or approach to, weighing evidence, but there must be a showing of facts from which negligence may be inferred." (*Wank* v. *Ambrosino*, 307 N. Y. 321, 323–324.) A plaintiff may prevail where the inference of a defendant's negligence is more probable or more reasonable than the inference of his nonnegligence (*Gutierrez* v. *Public Serv. Interstate Transp. Co.,* 168 F. 2d 678; *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1). Where an inference of a defendant's freedom from negligence is equally as probable as an inference of his negligence, a plaintiff may not prevail. Where the balance of probabilities between causes which entail liability and others which do not is so equal that an inference of fact which entails liability is the result of mere speculation, a plaintiff may not prevail (cf. *Tortora* v. *State of New York*, 269 N. Y. 167; *Fagan* v. *Atlantic Coast Line R. R. Co.,* 220 N. Y. 301, 310). A plaintiff has not met his burden of establishing a defendant's negligence where the conflicting inferences of a defendant's negligence and nonnegligence are evenly balanced (see e.g., *Francey* v. *Rutland R. R. Co.,* 222 N. Y. 482; *Boyce Motor Lines* v. *State of New York*, 280 App. Div. 693, 696, affd. 306 N. Y. 801). *Satovich* v. *Lee* (385 Pa. 133), strongly relied on by appellants, is not determinative of the issue. In Pennsylvania, the statutes disqualify a defendant in a death action, who is the surviving eye witness, from testifying (28 P. S., §§ 322, 325; *Mitchell* v. *Stolze*, 375 Pa. 296, 298) and the New York rule as to the proof necessary in an action for causing wrongful death (*Trimble* v. *City of New York*, 275 App. Div. 169, *supra*) does not seem to be the rule in Pennsylvania. In our opinion, the verdict in the Johnson cause of action was excessive. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.