■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v. J. C. A. TRUCK LEASING, INC., Appellant.— *Per Curiam.* Appeal from a judgment of the Supreme Court, Tompkins County, entered in favor of respondent upon a jury's verdict after trial. Appellant asserts that respondent did not establish a prima facie case of negligence which should have been submitted to a jury. The record reveals that on May 10, 1962 a tractor-trailer operated by appellant's employee left Route 96 near the City of Ithaca, proceeded upon the right shoulder and along a culvert to the right of the shoulder, returned to the highway and then left the highway again, travelled a distance of 83 feet and crashed into respondent's power pole. The accident itself was unwitnessed and the driver was dead at the scene. The Coroner attributed death to a crushed chest but could not state that the driver had not suffered a heart or similarly disabling attack prior to the accident. Beyond this the only proof advanced was that the driver was 21 years of age and had 8 months experience; that the accident occurred on a sharp downgraded " S " curve; that the truck was fully loaded; that it had been operated at a speed of 20–25 miles per hour just prior to the accident; and that the driver had never been over the road before. This last item of proof, in fact, was established on appellant's case and after its motion for nonsuit had been denied. There was no proof that the truck itself was defective in any manner. The question of negligence is primarily one for the jury (e.g., *Klager v. Sexton*, 15 A D 2d 731; *Vaughan v. Globe Neon Sign Co.*, 13 A D 2d 625), and, of course, circumstantial evidence may be sufficient to base a finding of negligence (e.g., *Betzaq v. Gulf Oil Corp.*, 298 N. Y. 358, mot. for rearg. den. 298 N. Y. 916). There must, however, be some showing of facts from which negligence can be inferred (*Cole v. Swagler*, 308 N. Y. 325; *Wank v. Ambrosino*, 307 N. Y. 321, 323–324; *Pfaffenbach v. White Plains Express Corp.*, 22 A D 2d 795), and we do not find such to be the case here. " A plaintiff may prevail where the inference of a defendant's negligence is more probable or more reasonable than the inference of his nonnegligence (*Gutierrez v. Public Serv. Interstate Transp. Co.*, 168 F. 2d 678; *Ingersoll v. Liberty Bank of Buffalo*, 278 N. Y. 1). Where an inference of a defendant's freedom from negligence is equally as probable as an inference of his negligence, a plaintiff may not prevail. Where the balance of probabilities between causes which entail liability and others which do not is so equal that an inference of fact which entails liability is the result of mere speculation, a plaintiff may not prevail (cf. *Tortora v. State of New York*, 269 N. Y. 167; *Fagan v. Atlantic Coast Line R. R. Co.*, 220 N. Y. 301, 310). A plaintiff has not met his burden of establishing a defendant's negligence where the conflicting inferences of a defendant's negligence and nonnegligence are evenly balanced (see, e.g., *Francey v. Rutland R. R. Co.*, 222 N. Y. 482; *Boyce Motor Lines v. State of New York*, 280 App. Div. 693, 696, affd. 306 N. Y. 801)." (*Johnson v Tschiember*, 7 A D 2d 1029, 1030.) We cannot agree with respondent's assertion that on the evidence established the jury could properly infer negligence based on the claims that the defendant-appellant's truck was traveling too fast to be controlled by a

young driver who was unfamiliar with the road; that, as a result, the driver lost control of the vehicle; and that he unsuccessfully attempted to return the vehicle from the shoulder to the highway when the accident occurred. Only by pure conjecture could the testimony in the present record be a basis for a verdict of negligence. Accordingly, we do not need to reach the question as to the computation of damages for the destroyed electric pole, but we should state that the charge in this respect was erroneous and the verdict excessive (cf. *New York State Elec. & Gas Corp.* v. *Fischer*, 24 A D 2d 683). Judgment reversed, on the law and the facts, and complaint dismissed, with costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.