■ JANICE G. LAWLER et al., Appellants, v COUNTY OF BROOME et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of the defendants, entered December 14, 1976 in Broome County, upon a dismissal of the complaint by the court at a Trial Term at the close of plaintiffs' case. While traveling alone in her automobile at approximately 12:30 P.M. on August 8, 1972, plaintiff, Janice G. Lawler, was injured in a one-car accident on Harry L. Drive, a county highway in Broome County. Subsequently, she and her husband, Joseph L. Lawler, instituted the present action wherein they contend that negligence of the defendants was the proximate cause of the accident and their resultant damages. At the time of the mishap, Harry L. Drive was undergoing reconstruction with defendant O. D. Stento & Sons, Inc., serving as general contractor, and, at a distance variously described as 50 feet and 150 feet from the accident site in the direction the Lawler vehicle was traveling, there was a dirt ramp described by plaintiffs as a "drop-off" of 18 inches at a 45 degree angle where the black top pavement ended and an excavated portion of the roadway began.

According to plaintiffs, approaching motorists were not properly warned of the "drop-off" and the accident occurred when another automobile abruptly stopped in front of the Lawler vehicle because of the presence of the ramp. Allegedly, Mrs. Lawler was able to avoid the second car as well as an oncoming tractor trailer through the alternate braking and accelerating of her vehicle, but was grievously injured when her car came to rest on the wrong side of the four-lane highway. At the close of plaintiffs' case, defendants moved to dismiss the complaint, and the trial court granted their motions on the ground that, as a matter of law, plaintiffs failed to prove any negligence on the part of either defendant. This appeal ensued. The sole question presented for our consideration is whether or not the complaint was properly dismissed, and we hold that it was. In this instance, the record indicates that there were adequate signs warning motorists of the construction and the need to drive with care. Moreover, even assuming *arguendo* that there were not, plaintiffs ground their case upon the theory that the presence of the "drop-off" in the road caused the car ahead of Mrs. Lawler to come to an abrupt halt which, in turn, caused the accident. Since the driver of the second automobile is unknown and did not testify however, the assumption that it stopped because of the "drop-off" rather than for a pedestrian, an animal, or some other unknown reason for which defendants could not be responsible amounts to pure speculation, and this is insufficient to support any finding that defendants are liable here *(Ingersoll v Liberty Bank of Buffalo,* 278 NY 1; *New York State Elec. & Gas Corp. v J. C. A. Truck Leasing,* 24 AD2d 1061). Under the circumstances, an inference of defendants' freedom from negligence is as likely as an inference of their negligence, and, accordingly, plaintiffs may not prevail *(Morales v Kiamesha-Concord,* 43 AD2d 944, affd 35 NY2d 881; *Johnson v Tscheimber,* 7 AD2d 1029). Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.