■ JONATHAN COHEN, Appellant, v LEISURE TIME RECREATION, INC., Respondent. [757 NYS2d 36] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about November 19, 2001, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court properly granted defendant's motion for summary judgment. The deposition testimony of defendant's supervisory employee, to the effect that he had no notice of the alleged hazard and that he had inspected the site of plaintiff's accident shortly before the accident and immediately after defendant's maintenance employee had finished working in the area and found no sign of the complained of hazard, i.e., water on the floor, was sufficient to establish, prima facie, that defendant had no notice of and had not created the hazard (*see Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384 [1998]). Plaintiff's purely speculative contention that defendant's maintenance employee may have created the hazard was insufficient to raise a triable issue (*see Dombrower v Maharia Realty Corp.*, 296 AD2d 353 [2002]). Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.