| |
|---|
| **Levin v City of New York** |
| 2025 NY Slip Op 34391(U) |
| November 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152982/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**                       PART                                    05M
                                                                    *Justice*

-----------------------------------------------------------------------------X

STEPHEN J LEVIN, LOURDES JIMENEZ LEVIN,                       INDEX NO.              152982/2019

                         Plaintiff,                          MOTION DATE              N/A

            - v -                                            MOTION SEQ. NO.          004

THE CITY OF NEW YORK, CONSOLIDATED EDISON,
CONSOLIDATED EDISON COMPANY OF NEW YORK INC              **DECISION + ORDER ON**
                                                              **MOTION**
                         Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 109, 110, 111, 112, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129

were read on this motion for                          SUMMARY JUDGMENT                              .

Defendant Consolidated Edison Company of New York, Inc. ("Con Edison") moves, pursuant to CPLR § 3212, for summary judgment dismissing the complaint and all cross-claims asserted against it on the grounds that it neither caused nor created the condition alleged, did not own or control the pipes or debris upon which Plaintiff Stephen Levin ("Plaintiff") claims to have tripped, and had no actual or constructive notice of the alleged defect. Con Edison relies upon deposition testimony, documentary evidence exchanged during discovery, photographs, municipal records, its detailed utility search, and this court's prior discovery order—arguing that the court's determination constitutes the law of the case foreclosing further litigation on control of the defect. Plaintiffs oppose, contending that the doctrine is inapplicable and that issues of fact exist concerning whether Con Edison performed work in the area before the accident. For the reasons set forth below, Con Edison's motion is granted.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises out of a March 13, 2018, accident in which alleges that he tripped on "pipes and construction debris" while crossing West 54th Street at its intersection with Seventh Avenue. According to Plaintiff's deposition testimony, he was walking northbound on the east side of Seventh Avenue, crossed into the crosswalk leading east across West 54th Street, and near the northeast corner tripped on several pipes lying flush with the curb—described as "yellow" or "metallic"—together with broken concrete or cinderblock. He testified that there were no cones, barricades, sawhorses, orange netting, signage, construction vehicles, or workers present. He was unable to recall whether any active construction was occurring at the time of his fall, and he conceded that nothing he saw indicated who owned the loose materials.

During discovery, Plaintiffs produced photographs depicting the general area—none of which depict the specific pipes or debris at issue, and none showing any Con Edison markings or

**152982/2019   LEVIN, STEPHEN J vs. CITY OF NEW YORK**                                     **Page 1 of 5**
  **Motion No.  004**

1 of 5

[* 1]

equipment. Plaintiff also completed medical intake forms at Alpha 3T MRI & Diagnostic Imaging on August 27, 2018, describing the accident in his own handwriting: "Verizon was doing extensive work they left pipes [and] their cables on the street…54th Street off of 7th Ave…the Verizon equipment on street was covered with snow." On an accompanying form, he further wrote that he "slipped on snow covered Verizon equipment on 3/13/18." Plaintiffs subsequently admitted, in response to Con Edison's notice to admit, that the handwriting on these forms was Plaintiff's own, confirming he authored the statements.

Con Edison conducted a two-year record search for all work performed between Sixth and Seventh Avenues at or near the accident location as stated in Plaintiffs' Bill of Particulars. The search, performed by utility records administrator Jennifer Grimm, encompassed DOT permits, Opening Tickets, Paving Orders, Corrective Action Requests, Notices of Violation, and ECS tickets. None of the Opening Tickets—i.e., records demonstrating that excavation work had actually been performed—indicated any Con Edison work in the crosswalk of West 54th Street where Plaintiff fell. Instead, the records reflected Con Edison work performed solely in the traffic lanes of Seventh Avenue or at locations substantially removed from the accident site. Deposition testimony from Con Edison's witness, Jefferson Wu, established that while certain permits existed, permits authorize work but do not establish that work occurred, and none of the opening tickets corresponded to excavation in the crosswalk. The City's own DOT search likewise contained no records attributing work to Con Edison at the precise accident location.

In 2024, Plaintiffs moved to compel further discovery from Con Edison. By decision and order dated April 10, 2024, this court denied that motion, holding that "in point and fact, there is no issue of control over the condition that caused the accident. Plaintiffs have already admitted that the debris that caused the accident belonged to non-party Verizon. As such, requiring Con Edison to make further disclosures would be improper." Notices of entry were filed, and Plaintiffs' subsequent motion to reargue was denied. Plaintiffs noticed appeals from both orders.

Con Edison now moves for summary judgment. Because the pre-note record is fully developed, the motion is ripe for adjudication.

## ARGUMENTS

Con Edison argues that the record irrefutably establishes that it did not cause, create, own, or have notice of the debris over which Plaintiff tripped. It stresses that: (1) Plaintiff's own contemporaneous statements repeatedly attributed the debris to Verizon; (2) the court has already adjudicated, in its April 10, 2024 order, that Plaintiffs admitted Verizon equipment caused the accident; (3) the law of the case doctrine now bars Plaintiffs from resurrecting theories of Con Edison's liability; and (4) even apart from that doctrine, no evidence in the voluminous discovery—deposition testimony, photographs, utility records, DOT documents—shows that Con Edison performed any work in the crosswalk or used the type of pipes Plaintiff described. Con Edison further argues that Plaintiff's speculation that it was "doing a lot of work in the streets" is insufficient as a matter of law to raise a triable issue of fact.

Plaintiffs oppose, asserting that the law of the case doctrine is inapplicable because the prior order addressed a discovery dispute, not liability. Plaintiffs argue that Con Edison performed

152982/2019   LEVIN, STEPHEN J vs. CITY OF NEW YORK                    Page 2 of 5
Motion No.  004

2 of 5

[* 2]

work in the "general vicinity" of the intersection and that its permits, photographs, and records could allow a jury to infer that the pipes came from prior Con Edison activity. Plaintiffs also rely on photographs of unrelated Con Edison barricades and debris in other locations, arguing these demonstrate a purported practice of leaving materials in the roadway.

## DISCUSSION

### A. Standard on Summary Judgment

To obtain summary judgment, a movant must demonstrate its entitlement to judgment as a matter of law by offering evidence eliminating all triable issues of fact (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once that showing is made, the burden shifts to the opposing party to produce admissible proof sufficient to demonstrate the existence of a material factual dispute (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Speculation or conjecture is insufficient (*Friends of Animals v. Associated Fur Mfrs.*, 46 NY2d 1065 [1979]). A plaintiff may not defeat summary judgment by asserting possibilities unsupported by record evidence (*Tobron Office Furniture Corp. v. King World Prods.*, 161 AD2d 355 [1st Dept 1990]).

Applying these principles, the court concludes that Con Edison has satisfied its prima facie burden, and that Plaintiffs have not raised any triable issue of fact sufficient to defeat summary judgment.

### B. Con Edison Has Demonstrated that It Did Not Cause or Create the Condition

The record establishes that Con Edison did not perform excavation, repair, or construction work in the crosswalk of West 54th Street at Seventh Avenue—the precise location of Plaintiff's fall. As in *Flores v. City of New York*, 29 AD3d 356 (1st Dept 2006), where the Appellate Division, First Department, granted summary judgment to a contractor based on proof that its work was performed in a different crosswalk, Con Edison has demonstrated that its work was confined exclusively to areas outside the accident location. Opening Tickets PI000711 and PS824739 reflect work performed in the traffic lane of Seventh Avenue, several feet from the curb—not the crosswalk. The remaining permits relate to gas complaints or authorizations for work that, according to uncontroverted testimony, never resulted in any actual excavation at the relevant site. As multiple courts have held, permits alone do not demonstrate that work was performed, nor do they create an inference of control (*see Arrucci v. City of New York*, 45 AD3d 617 [2d Dept 2007]).

Similarly, in *Ostrovsky v. City of New York*, 1 AD3d 117 (1st Dept 2003), the Appellate Division, First Department, affirmed summary judgment where documentary evidence showed that the utility's work occurred at locations removed from the alleged defect. Here too, the record is devoid of evidence connecting Con Edison's documented work to the specific defect.

Plaintiffs' proffer—photographs of entirely different Con Edison barricades and equipment—falls far short of creating a triable issue. These photographs do not depict the accident condition, do not show Con Edison equipment at that location, and, if anything, undermine Plaintiffs' theory because they show that Con Edison typically labels and barricades its materials— precisely the opposite of what Plaintiff described (pipes with no markings and no barricades).

**152982/2019   LEVIN, STEPHEN J vs. CITY OF NEW YORK**                    **Page 3 of 5**
**Motion No.  004**

[* 3]

3 of 5

What remains of Plaintiffs' proof is conjecture: that because Con Edison worked "in the area" at some point, it could have left the pipes behind. This precise argument has been rejected repeatedly (*see Cohen v. Leisure Time Recreation*, 304 AD2d 333 [1st Dept 2003]; *Partridge v. Pinzino*, 227 AD2d 460 [2d Dept 1996]). Speculation as to ownership of a defect, without evidence linking the defendant to it, cannot defeat summary judgment.

### C. Plaintiffs' Own Admissions Foreclose Liability Against Con Edison

Plaintiffs' admissions on the August 2018 medical intake forms—executed long before litigation commenced—constitute clear, unequivocal party statements identifying Verizon as the source of the debris. Plaintiffs' acknowledgment in discovery that these forms were completed in Plaintiff's own handwriting eliminates any dispute as to authorship or reliability. These sworn admissions directly contradict the theory of Con Edison liability and align with the November 2017 Google Street View photographs showing orange utility markings at the location—orange signifying communications utilities such as Verizon.

New York law is clear that a plaintiff's own unambiguous prior statements may establish a defendant's entitlement to judgment as a matter of law (*see Johnson v. Tschiember*, 7 AD2d 1029 [2d Dept 1959]). Plaintiffs have provided no admissible evidence rebutting their own earlier assertions.

### D. The Law of the Case Doctrine Bars Relitigation of Control Over the Defect

Even if Plaintiffs could marshal some evidence—which they have not—the doctrine of law of the case independently compels dismissal. In its April 10, 2024 order, this court held, after full briefing, that "there is no issue of control over the condition that caused the accident" because "Plaintiffs have already admitted that the debris…belonged to non-party Verizon." That determination was necessarily decided on the merits: the issue of control was essential to resolving whether further discovery was warranted (*see Clark v. Clark*, 117 AD3d 668 [2d Dept 2014]).

Once a court of coordinate jurisdiction has finally determined an issue, that determination "should be the end of the matter" absent new evidence or a change in the law (*Martin v. City of Cohoes*, 37 NY2d 162, 165 [1975]). No such circumstances exist here. Plaintiffs' opposition presents no new facts and no change in law. That they disagree with the court's earlier conclusion does not permit relitigation (*see Erickson v. Cross Ready Mix, Inc.*, 98 AD3d 717 [2d Dept 2012]).

In *Matter of Hanlon*, 189 AD3d 1405 (2d Dept 2020), the court applied law of the case to bar a subsequent summary judgment motion that attempted to revisit a previously resolved issue. The same logic applies here. Plaintiffs already had a full and fair opportunity to litigate control of the defect; the court decided it; and Plaintiffs may not now reargue that issue under the guise of opposing summary judgment.

After extensive discovery, motion practice, deposition testimony, sworn admissions, and the utility record searches, the evidentiary picture is clear: Plaintiffs have produced no evidence, beyond speculation, connecting Con Edison to the pipes or debris that allegedly caused this

**152982/2019  LEVIN, STEPHEN J vs. CITY OF NEW YORK**                                          **Page 4 of 5**
**Motion No.  004**

4 of 5

[* 4]

accident. Their own statements implicate Verizon, not Con Edison. The record affirmatively demonstrates that Con Edison performed no work in the crosswalk where Plaintiff fell. The prior order of this court established that Verizon—not Con Edison—controlled the debris, and the law of the case doctrine bars relitigation of that finding. No rational jury could conclude otherwise on this record.

Accordingly, it is hereby:

ORDERED that Defendant Consolidated Edison Company of New York, Inc.'s motion for summary judgment is GRANTED; and it is further

ORDERED that the complaint and all cross-claims are dismissed as against Consolidated Edison Company of New York, Inc.; and it is further

ORDERED that the Clerk shall enter judgment accordingly; and it is further

ORDERED that the action shall continue as to the remaining defendants.

This constitutes the decision and order of the court.

20251118123000HKINGO0F17DQ83C4842C1B01C07A6B56507R4

| 11/18/2025 | HASA A. KINGO, J.S.C. |
| DATE | |

| CHECK ONE: | | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152982/2019  LEVIN, STEPHEN J vs. CITY OF NEW YORK
Motion No. 004

Page 5 of 5

5 of 5